SARA J. ROBERSON v. JOHN ROBERSON.

206 N. W. 2d 347.

April 6, 1973—No. 43794.

*Anderson & Christopherson* and *B. W. Christopherson,* for appellant.

[2] Petitioner subsequently dismissed its appeal.

*Ruttenberg, Orren, Griswold & Norton* and *Kenneth P. Griswold,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Olson, JJ.

PER CURIAM.

Defendant husband appeals from a judgment for divorce. He does not challenge the court's grant of child custody or the divorce itself to plaintiff wife, but objects solely to the distribution of property.

The trial court awarded plaintiff all the property acquired during coverture except the landscape business which the defendant had operated as a family business. Plaintiff was also awarded $200 per month as support for two teenage children.

Plaintiff was a school teacher under contract for $7,600 per year for the 1971-1972 school year. Prior to that, she had assisted in the operation of the landscape business, which was started in 1954. The evidence on values of the parties' real estate which was awarded to plaintiff, briefly summarized, was as follows: (a) The net equity in the Third Avenue rental property was approximately $7,000; (b) the net equity in the Portland Avenue rental property was approximately $4,000; (c) the net equity in the homestead was $6,300 according to plaintiff's testimony but was $18,300 according to defendant's testimony.

Defendant's annual earnings from his landscape business were disputed; he testified he earned $4,800 annually, while plaintiff testified he earned $8,000 to $10,000 annually. Neither party testified or offered any evidence on the value, if any, of the business. Plaintiff's testimony placing the gross income of the business at $60,000 and defendant's conflicting testimony as to his earnings from it provide an insufficient basis for computing its value by any method, including capitalization; attaching a value to a business by capitalizing its income ordinarily requires exclusion of the value of personal services rendered by the owner.

The trial court failed to make findings of fact from which it can be determined on what basis the court made its award. While there is evidence, recited above, albeit disputed, on the values of the three real estate holdings, there is a dearth of evidence to determine on what basis value, if any, was attached to the landscape business.

Rule 52.01, Rules of Civil Procedure, provides in part as follows:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judg-

ment * * *. Requests for findings are not necessary for purposes of review."

We have held that where the record is reasonably clear and the facts not seriously disputed, the judgment of the trial court can be upheld in the absence of trial court findings made pursuant to Rule 52.01, Rules of Civil Procedure. Kendall v. Kendall, 289 Minn. 494, 181 N. W. 2d 894 (1970); Posselt v. Posselt, 271 Minn. 575, 136 N. W. 2d 659 (1965); Asch v. Housing & Redevelopment Authority, 256 Minn. 146, 97 N. W. 2d 656 (1969). However, where the record is not clear and the facts are in dispute, findings of fact by the trial court, made pursuant to Rule 52.01, should be made. Naffke v. Naffke, 240 Minn. 468, 62 N. W. 2d 63 (1953); Asch v. Housing & Redevelopment Authority, *supra*.

Plaintiff vigorously argues that defendant's failure to move for amended findings of fact at the trial level waives his right to challenge the sufficiency of the findings on appeal. We agree, of course, that a motion to the trial court either before or after judgment and prior to appeal would be the better practice and might well have saved the cost and delay of this appeal. As we held in Naffke v. Naffke, *supra,* however, the failure to so move cannot bar a challenge on appeal that the record does not reveal with sufficient clarity the factual basis supporting the trial court's decision.

We remand to the trial court to make findings of fact consistent with this opinion. We do not grant costs and disbursements; respondent's attorneys' fees in sum of $400 allowed.

Remanded.