## JANIS S. PROPPER v. DONALD B. PROPPER.

221 N. W. 2d 566.

August 23, 1974—No. 43896.

*Cohen, Budd & Douglas* and *Edward M. Cohen,* for appellant. *Dorfman, Rudquist & DuFour* and *Leo Dorfman,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Mulally, JJ., and considered and decided by the court en banc.

PER CURIAM.

This appeal is brought by defendant husband in a divorce action to review the trial court's division of property and allowance of attorneys fees.

1. Defendant husband does not object to the trial court's awarding 50 percent of the parties' assets to each of them, but complains only that it was an abuse of discretion to award his wife 35 percent of the stock in a company which he owned and managed.

The trial court found that the assets of the parties amounted to $960,000, of which plaintiff wife was entitled to $480,000. Of that amount, $262,500 represented 875 shares in Propper Oil and Auto Supply Warehousing Distributing Co., Inc. The tax consequences of the transfer of stock from the husband to the wife resulted in a capital gains tax of approximately $90,000 which the court rounded off at $100,000 and deducted from the wife's share. The result of the allocation left the husband with 55 percent of the stock in the family corporation and the wife with a total of 45 percent of the stock, including 10 percent which she previously owned.

It is the contention of the husband that rather than award the wife an additional 35 percent, there should have been a monetary award, payable over the course of 10 or 20 years, which would allow the husband to purchase the wife's 10 percent interest in the company rather than leave her with 45 percent of the stock. He asserts that she has in effect been made his partner in the business, will very likely harass and interfere with its operation, and will prevent the husband's securing credit with which to liquidate his obligations because of her position as a substantial minority stockholder.

We find no merit in these claims. The initial investment in the corporation consisted of a contribution by the wife of some $33,000 and a contribution by the husband of approximately $10,000. She points out that on this mathematical ratio she was entitled to some 77 percent of the stock rather than 45 percent

of it, although it is undisputed that the husband's industry and business acumen were responsible for the company's success. As we view it, the problems which the husband faces result from an adamant, intransigent refusal to work out a property division which would minimize taxes and permit a manageable source of income for his wife. A reading of the record makes it clear that whatever unnecessary and extraordinary expenses were incurred in this litigation resulted from the almost total unwillingness of the parties to compromise the issues. This is a case where it is regrettable that the attorneys were not more successful in insisting on their clients' making reasonable concessions to preserve their resources and avoid the acrimony, expense, and delay inherent in bitter litigation of this kind. While we readily concede there may be problems in having the wife a 45-percent minority stockholder, the husband has proposed no reasonable alternative and the court had no choice but to make the disposition which it did.

2. The trial court awarded plaintiff wife attorneys fees in the sum of $23,500 and costs of $3,086. The award is liberal, and we have some hesitation in affirming it. Nevertheless, counsel for plaintiff wife devoted some 156 hours out of court and over 10 days in court litigating her case. Again, we suggest that it is no service to clients to permit them to quarrel interminably over every matter of contention in litigation which is, in the nature of things, invariably abrasive. It is with some misgivings, therefore, that we affirm the trial court's award of attorneys fees but defer, as we must in close questions, to its judgment.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.