Verdell GULBRANSON, Respondent,

v.

Keith GULBRANSON, Appellant.

No. C5-83-1367.

Court of Appeals of Minnesota.

Feb. 15, 1984.

Gerald S. Rufer, Fergus Falls, for appellant.

R.W. Irvine, Detroit Lakes, for respondent.

Considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

This appeal is brought by appellant husband in a marriage dissolution action contesting the trial court's division of the marital property. The sole issue is whether the trial court abused its discretion in the division and valuation of the marital assets and in the distribution of shares in a closely held corporation. We affirm.

Verdell Gulbranson and Keith Gulbranson were married on July 29, 1951. Keith Gulbranson became a John Deere farm and industrial equipment retail dealer a few years later. He operated the business as Gulbranson Equipment, Inc. Verdell Gulbranson's entire married life was spent as a mother and homemaker. She also performed various tasks for the business, such as varnishing, staining, and mopping floors, washing windows and painting farm machinery.

The trial court dissolved the marriage on June 30, 1983. In addition to awarding maintenance to the respondent, the trial court divided the marital property. Under the trial court's valuation of the property, appellant received in excess of $105,000 of the marital property, while the respondent received in excess of $83,000.

█ Minnesota law requires a "just and equitable division of the marital property * * *." Minn.Stat. § 518.58 (1982). The trial court's division will not be set aside unless it is clearly an abuse of discretion. *Taylor v. Taylor*, 329 N.W.2d 795 (Minn. 1983).

The appellant's contentions primarily relate to the value assigned certain property divided in the award. He argues that, according to his calculations, the respondent was allocated far in excess of 50 percent of the property and hence the trial court abused its discretion.

█ The appellant's initial contention is that the family home which he received in the award is encumbered by more than $75,000, not by $31,000 as the trial court found. The appellant cites no support for his allegation. The record reveals that the appellant's figures include a second mortgage on the home which secures corporate obligations of Gulbranson Equipment, Inc. The trial court properly considered this a corporate debt of Gulbranson Equipment, Inc., rather than a charge against the equity of the family home.

█ The appellant next claims that he made a payment of $14,000 against the debt on a farm awarded to the respondent while this case was pending before the trial court. He neglected to inform the trial court of this payment, and it was not considered in the property division. Minn.Stat. § 518.64 (1982) provides that property divisions are final. The appellant had an opportunity to request that the trial court amend its findings. *See* Rule 52.02 of Minn.R.Civ.P.; *In re LaBelle's Trust*, 302 Minn. 98, 223 N.W.2d 400 (1974). In fact, the appellant did bring a motion for amended findings, but he again failed to notify the trial court of this payment. We need not speculate on the reasons the appellant may have had for failing to bring this matter before the trial court; however, the appellant has not advanced any compelling reason to revise the award on appeal rather than by appropriate post trial motion. Issues of property division should be addressed in the first instance to the trial court. *Roberson v. Roberson*, 296 Minn. 476, 206 N.W.2d 347 (1973).

█ The appellant's third argument is that the trial court abused its discretion in relying on an expert appraiser's valuation instead of the appellant's opinion on the value of a lake home. It is elementary that the *opinion of an experienced appraiser* regarding valuation questions may be given greater weight by the trial court than the lay opinion of an interested party.

Finally, the appellant contends it was an abuse of discretion to transfer to the respondent shares of stock in Gulbranson

Equipment, Inc. The court's allocation left the appellant with 50 percent of the stock, and the respondent with 46.6 percent of the stock (including 3.3 percent which she previously owned).

The appellant argues that the award places him in the dilemma of giving the respondent a forced share of his future work. *See Rogers v. Rogers*, 296 N.W.2d 849 (Minn.1980). However, Minnesota Supreme Court decisions do not support this contention. The Court has previously approved the division of stock of a closely held corporation in marriage dissolution actions. *Castonguay v. Castonguay*, 306 N.W.2d 143 (Minn.1981). *See also Propper v. Propper*, 301 Minn. 100, 221 N.W.2d 566 (1974).

■ Although the forced admittance of an unwelcome ex-spouse to the affairs of a closely held corporation may be disruptive, *Castonguay*, 306 N.W.2d at 146, in this case the appellant is not claiming such potential disruption. Rather, he merely claims that he needs all the stock (which he testified had no value) as an incentive for him to keep the business going and to enable him to refinance his business.

We are sympathetic to appellant's business problems and are aware that his business has an uncertain future. However, the appellant has not suggested any alternative to the trial court's division of the shares. The value of the corporation in its present financial condition is difficult to establish, particularly without expert testimony. The record supports the trial court's determination that the only practical way of dividing the business' value equitably was to transfer the shares.

■ In a complicated property division, substantial deference must be given to the trial court's findings because "exactitude is not possible." *Rogers*, 296 N.W.2d at 853. In this case, the trial court did a commendable job in attempting to reach a just and equitable division of the marital property. The findings of the trial court with respect to the value of the property are fully supported. Although appellant claims that the property awarded to him is of considerably less value than that awarded to the respondent, in our view this contention is without merit. The appellant received approximately 55 percent of the marital property, while the respondent received approximately 45 percent. The appellant's contention that the respondent received a disproportionate allocation of the marital property is simply contrary to the record. The property division was within the bounds of the trial court's discretion.

Affirmed.