**In Re the Marriage of Donna Rae KREIDLER, Petitioner, Respondent,**

v.

**David Donald KREIDLER, Appellant.**

**No. CX–83–1557.**

Court of Appeals of Minnesota.

May 1, 1984.

A. Blake MacDonald, MacDonald, Munger & Downs, Duluth, for respondent.

Robert C. Huseby, Larson, Huseby & Brodin, Ltd., Duluth, for appellant.

Considered and decided by WOZNIAK, P.J., and HUSPENI, and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

David Kreidler appeals from those provisions of the marriage dissolution decree involving division of real and personal property, allocation of indebtedness between the parties, and the court's use of the child support guidelines in Minn.Stat. § 518.-551(5) (Supp.1983) to establish the amount of child support. We affirm.

## FACTS

The parties were married in December, 1972. The marriage was dissolved on September 8, 1983. One son, nine years old at the time of the dissolution, was born of the marriage. Both parties had been married previously and had other children. One of the wife's children was still a minor at the time of this dissolution.

The parties' homestead was owned by the wife before this marriage. In June, 1978, the parties sold the land at the homestead site for $46,000, and moved the house to its current location. The profits from the sale were reinvested in the costs of moving the house, constructing a foundation, general site improvement, refurnishing the home, and paying off the mortgage. The wife had the home appraised at $84,-000 at the time of the dissolution.

The husband is employed with the Duluth Water and Gas Department. His net monthly income from that job is $1,454.65. At the time of the dissolution, his twenty-year interest in a retirement pension with the Public Employees Retirement Association (PERA) was valued at $59,837.81. One half of this value accrued before the marriage.

The husband has additional income from rental properties he inherited during the marriage. In 1982 he received $775 per month from these properties.

The wife is unemployed and did not work outside the home throughout the marriage. During the pendency of the dissolution proceedings, her mother died and she inherited $100,000. She also receives $500 per month on a $28,000 balance due her parents on a stock sale. This will continue for five and one-half years.

During their marriage, the parties purchased a 1976 Winnebago motor home. The wife had the motor home appraised at $13,000. The parties incurred debts on five charge accounts in the total amount of $4,633.53. Payments thereon were kept current.

The trial court granted custody of the minor child to the wife. She was awarded the homestead and the household goods in her possession. The husband was awarded his rental properties, the motor home, all rights in his PERA pension, and the household goods in his possession. The court ordered husband to pay the debts of the parties, but applied the 1982 income tax refunds (incorrectly referred to in the judgment and decree as the 1983 refunds) of $2,180.19 to these debts, thus reducing their balance to approximately $2,500.

## ISSUES

1. Whether the trial court appropriately applied Minnesota law in the division of real and personal property.

2. Whether the trial court abused its discretion in awarding substantial household goods to the wife while ordering the husband to be responsible for indebtedness on those goods.

3. Whether the trial court appropriately applied Minnesota law in setting child support.

## ANALYSIS

■ 1. A trial court has broad discretion in the division of property. *Taylor v. Taylor*, 329 N.W.2d 795 (Minn.1983). The decision will be affirmed if it has a "reasonable and acceptable basis in fact and princi-

ple". *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

The husband contends that the trial court was inconsistent in the determination of marital versus non-marital property. Marital property is defined as "property, real or personal ... acquired by the parties ... at any time during the existence of a marriage relationship .... All property acquired by either spouse subsequent to the marriage ... is presumed to be marital property". Minn.Stat. § 518.54(5) (1982). The presumption is overcome if property is shown to be: (a) a gift or inheritance to one spouse only, (b) acquired before the marriage, or (c) "acquired in exchange for or is the increase in value of property which is described in clauses (a), (b)". Minn.Stat. § 518.54(5) (1982).

The trial court did not use the terms marital or non-marital in its findings regarding the property distribution. However, it did indicate its position by stating in the findings that the wife "owns" the home, the husband "owns" the two income properties, they were the "owners" of the motor home, and that husband "has a retirement program".

■ The husband argues that the award of the homestead to the wife does not consider his financial contributions of his employment income, labor, and a small inheritance. When significant improvements are made to a home, its entire value reflects those additions as well as the initial investment. *Faus v. Faus*, 319 N.W.2d 408, 412 (Minn.1982). The parties kept a joint checking account and it is impossible to trace exactly which income was spent on which items. It is clear that the profits from the sale of the wife's original homestead were reinvested in the home. It is also likely that some portion of the husband's income went into maintenance, improvements, or mortgage payments before the home was moved.

■ The husband is entitled to credit for his contribution to the homestead. His wife's interest in the second homestead is measured by the proportion her interest in

the first homestead bears "to the purchase price of the second house multiplied by the value of the second house at the date of separation". *Schmitz v. Schmitz*, 309 N.W.2d 748, 750 (Minn.1981). Since we do not know the exact purchase price of the second home (the price of the lot, the improvements, and the moving costs), we cannot calculate an accurate value. It is clear, however, that the majority of the value is attributable to the wife's original ownership of the home and the profits from the sale of the land.

The husband further contends that the motor home was purchased with profits from the sale of one of his rental properties, a non-marital asset, and should be treated as a non-marital asset. Although the motor home was awarded to him, he suggests it was intended to offset his interest in the homestead, and therefore was treated as a marital asset.

■ The wife's testimony regarding the motor home confirms that it was purchased with the rental property profits. There is no Minnesota law addressing whether the income from non-marital assets is marital or non-marital property. At least one state with similar statutory language has decided that it does become marital property. *Reed v. Reed*, 100 Ill.App.3d 873, 56 Ill.Dec. 202, 427 N.E.2d 282 (1981). Under the facts of this case, we need not reach the issue of whether the motor home was treated by the trial court as marital or non-marital property. The motor home was awarded to the husband. There is no support in the record for his allegation that it was awarded as a marital property offset for his interest in the homestead. A far more credible view is that the husband's pension interest, one-half of which was clearly marital property, was awarded to him in full as an offset against his homestead interest.

■ Because the trial court did not make specific findings regarding which property was treated as marital and which as non-marital and its reasons for the designation, it makes the task of the reviewing court more difficult. Indeed, had such findings been made, they would have been of assist-

ance not only to this court but to the parties as well. The delay and expense of this appeal might have been avoided altogether if the husband had moved for amended findings of fact prior to an appeal. We recognize, however, that failure to do so does not bar him from raising these issues on appeal. *Roberson v. Roberson,* 296 Minn. 476, 206 N.W.2d 347 (Minn.1973).

▮▮▮▮ Despite the insufficiency of the findings in this matter, affirmance of the trial court is proper if the record as a whole is reasonably clear, the facts are not seriously disputed, and there is a reasonable basis for the trial court's decisions. *Roberson,* 296 Minn. at 478, 206 N.W.2d at 348; *Bogen v. Bogen,* 261 N.W.2d 606 (Minn. 1977). Such reasonable basis is present here. It is clear that the trial court attempted to restore to each party the property which that party brought into the marriage. *See Posselt v. Posselt,* 271 Minn. 575, 136 N.W.2d 659 (1965).

2. The husband also objects to the trial court's award of virtually all of the household goods to wife, leaving him with the debts. He claims that some of the goods in the homestead actually belong in the rental properties. The trial record indicates that a gas stove and refrigerator in the homestead originally came from the rental property. One could conclude that the presence and use of these items in the homestead indicates that the parties intended that they be treated as marital property.

▮▮▮▮ Minn.Stat. § 518.58 (1982) requires that the trial court make a just and equitable disposition of the property. *Ruzic v. Ruzic,* 281 N.W.2d 502 (Minn.1979). Debts are apportionable. *Filkins v. Filkins,* 347 N.W.2d 526 (Minn.App.1984). Each division of property is considered in the light of the particular facts of that case. *Lenzmeier v. Lenzmeier,* 304 Minn. 568, 231 N.W.2d 71 (1975). The statute requires the court to balance such factors as the length of the marriage, the parties' incomes, age, skills, occupations, and needs. Minn.Stat. § 518.58 (1983). The court is guided by equitable considerations in distributing rights and liabilities, and has

broad discretion in the distribution. *DeLa Rosa v. DeLa Rosa,* 309 N.W.2d 755 (Minn. 1981); *Bogen,* 261 N.W.2d at 609.

▮▮▮▮ While the wife here does possess significant capital resources, husband has higher income-producing capabilities. The trial court also ordered a marital asset, the income tax refund, applied to reduce the indebtedness which the husband was ordered to assume. Further, the wife is the custodial parent of the parties' minor child. It is expected that the child will enjoy the use of the household goods awarded to his mother.

There is sufficient support in the record to sustain the trial court's determinations regarding allocation of household goods and indebtedness between the parties.

3. The husband contends that the trial court arbitrarily applied the child support guidelines set forth in Minn.Stat. § 518.-551(5) (Supp.1983). Child support was established at $363.51 per month, or 25% of the husband's net income from his employment income. This is the recommended guideline support figure. The trial court did not consider any overtime or rental income of the husband's when it set the support amount. The husband contends that the trial court erred by not making an independent determination of the child's needs and by not considering the wife's assets or the husband's debts.

▮▮▮▮ The trial court is authorized to order payment of child support under Minn. Stat. § 518.17(4) (1982). Pursuant to provisions of that statute, the court must consider the financial resources and needs of the child and each parent, the standard of living the child would have enjoyed had the marriage not been dissolved, and the physical, emotional, and educational needs of the child. Minn.Stat. § 518.17(4) (1982). The court "shall not order ... support in an amount below the appropriate amount determined from the guidelines in section 518.551, subdivision 5 ... unless the court makes express findings of fact as to the reason for the lower order". Minn.Stat. § 518.17(5) (Supp.1983).

The husband argues that the trial court did not consider the wife's resources when it established the level of child support. An examination of the record shows no merit in this argument. If the marriage had not been dissolved, the child would have had the benefit of both his father's income and his mother's inheritance. Under the facts of this case, it would be unfair, contrary to the considerations listed in Minn.Stat. § 518.17(4), and certainly not in the best interests of the minor child to deny him the standard of living he would have enjoyed but for the dissolution of his parents' marriage. Whenever possible, the court should minimize the financial consequences of the dissolution for the child. The trial court properly applied the child support guidelines in this matter.

## DECISION

The trial court did not abuse its discretion in its division of the real and personal property and debts, or in setting child support.

The judgment and decree is affirmed.