Richard C. HOYT, Respondent,

v.

Gerald P. BROKAW, ind., and d.b.a.
Plant Machine Equipment,
Appellant.

No. C3–84–1491.

Court of Appeals of Minnesota.

Dec. 18, 1984.

Richard C. Hoyt, pro se.

Paul A. Wolff, Stillwater, for appellant.

Considered and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal from a judgment entered in favor of respondent Richard C. Hoyt (Hoyt) on his claim against appellant Gerald P. Brokaw, individually and doing business as Plant Machine Equipment (Brokaw), for one month's rent of commercial premises. Brokaw admits he did not pay the rent, but counterclaimed for an abatement due to reduced parking availability. We affirm.

## FACTS

Hoyt leased office space in Excelsior to Brokaw's corporation, Plant Machine Equipment, on a yearly basis. The last lease ran from April 1, 1982, until March 31, 1983. Brokaw vacated the premises on March 31, but never paid March rent of $464.

The building houses 12 to 13 tenants, with a total of approximately 55 employees. When Brokaw signed the lease, there were six to nine parking spaces behind the building, available to tenants on a first come, first served basis. There is a two block

city lot immediately adjacent to the Hoyt lot.

In March 1982, Brokaw expressed concern over parking to Hoyt's office manager during lease negotiations. She indicated a tenant was moving out in July, and that Brokaw would have access to all parking spaces (as did all other tenants). Brokaw signed the new lease. The lease does not contain any provisions on parking.

In July or August 1982, Hoyt landscaped and blacktopped the parking lot. Five spaces were painted, and assigned to certain tenants. Brokaw did not receive a space until February 1983, after much complaining. The parties were unable to reach agreement on a new lease. Brokaw refused to pay March rent because of the parking hassles, and moved out.

Upon removal to district court for a trial de novo after conciliation court judgment, both parties appeared pro se. The trial judge ordered judgment for Hoyt for the rent. No findings were issued.

### ISSUE

Whether the trial court's order for judgment, issued without findings of fact or conclusions of law, is clearly erroneous?

### ANALYSIS

In all court trials:
the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

Minn.R.Civ.P. 52.01. However, where the record is reasonably clear and the facts not seriously disputed, the trial court's judgment may be upheld in the absence of findings. *Roberson v. Roberson*, 296 Minn. 476, 206 N.W.2d 347 (1973).

Here the relevant facts are not seriously disputed. Brokaw did not have guaranteed access to the building parking lot. The lease does not include a provision on parking. Instead, Brokaw claims he relied on the availability of parking in signing the lease, and it is therefore a term of the lease. All negotiations are superseded

by a written contract. It is then a question of law whether the contract is ambiguous. *Blattner v. Forster*, 322 N.W.2d 319 (Minn. 1982). Only if the language is reasonably susceptible of more than one meaning may a court go outside its corners and resort to extrinsic evidence. *Id.* at 321. Both parties admit that this contract by its own terms does not cover parking. The lease is clear and unambiguous, and so extrinsic evidence is not allowed to explain or expand its terms. The record supports the decision of the trial court.

### DECISION

The trial court was correct in ordering judgment for respondent and denying appellant's counterclaim for an abatement of rent.

Affirmed.