**In re the Marriage of William H.T. McGAUGHEY, Petitioner, Appellant,**

v.

**Carol B. McGAUGHEY, Respondent.**

No. C0–84–1237.

Court of Appeals of Minnesota.

March 12, 1985.

Donald A. Hillstrom, Minneapolis, for appellant.

Phillip Gainsley, Moss & Barnett, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Appellant husband appeals from the denial of his motions for amended findings or for new trial. He contends that the court

erred in its disposition of marital and non-marital assets under Minn.Stat. § 518.58 (1984), in dividing the marital indebtedness and in awarding attorney's fees to wife. The wife moved to strike this appeal contending that the Court of Appeals lacks jurisdiction. We find jurisdiction and remand with instructions to make more specific findings on the character and valuation of assets and on the question of whether certain intra-family transactions were loans or gifts.

## FACTS

William and Carol McGaughey were married in 1973. They had no children. A judgment and decree of dissolution was entered on March 9, 1984. Neither party was awarded maintenance.

The parties' primary asset was their homestead. They stipulated its value to be $68,000, less $7,164 for special assessments. The court awarded the homestead to the wife, subject to a $20,000 lien in favor of the husband, payable to him in 36 monthly installments commencing April 1, 1984. Evidence at trial indicated that the homestead was purchased in part with $16,000 provided by the husband's brother and mother. The husband introduced certain documents indicating that the money was a loan and thus a marital debt. The wife testified to circumstances which indicated that it was a gift. The court found that:

### XII

From time to time during the course of the parties' marriage, members of [the husband's] family have advanced funds to him both as gifts and as loans as documented by certain memoranda.

Husband was given responsibility for payment of all intra-family debts.

With the exception of certain items awarded to the husband, all household goods were awarded to the wife. The court did not put a value on the personal property awarded to either party. Although evidence at trial tended to indicate that some personal property was marital, the trial court characterized it all as non-marital and awarded it accordingly. Husband contends on appeal that certain items awarded to wife were, in fact, husband's nonmarital property; to-wit: a wallclock, Japanese prints, books, and one-half of a coin collection. The court made no findings on these items. The record does not clearly reveal whether they are nonmarital assets.

The parties owned two Wisconsin properties purchased for $17,000. They stipulated the total value of these properties to be $13,925, subject to a $3,800 encumbrance. The properties were awarded to the husband. They had been purchased, in part, with nonmarital assets contributed by the wife. The properties were financed in part with $4,000 contributed by the husband's mother and brother. The trial court made no findings on the extent of the wife's nonmarital contributions, nor did it find whether the husband's intra-family transactions were loans or gifts.

The trial court found that the wife's contributions to the marriage exceeded the husband's. The wife was employed full time throughout the marriage. The husband was unemployed for part of the marriage. In addition, the husband spent money on the publication of his book which proved to be a financial failure. The court found a dissipation of marital assets of "at least $10,000."

The trial court's findings and conclusions did not address the wife's IRA account valued by both parties at $4,500.

The court awarded the wife $500 in attorney's fees.

Following entry of the Judgment and Decree, the husband moved for amended findings and for new trial. His motion articulated various reasons for finding the property division unjust. This appeal followed the denial of the husband's motions.

## ISSUES

1. Does the Court of Appeals have jurisdiction over an appeal from the denial of a motion for new trial?

2. From the record and the court's findings, is it possible to determine whether the division of property under Minn.Stat. § 518.58 (1984) was just and equitable?

## ANALYSIS

■ 1. A new trial may be granted when a court's decision is not justified by the evidence. Minn.R.Civ.P. 59.01(7). The husband's motion for new trial was accompanied by a memorandum which explicitly set forth his reasons for finding the division of property to be unfair. The order denying a new trial is reviewable as a matter of right. Minn.R.Civ.App.P. 103.-03(d).

■ 2. The trial court has a duty to "make a just and equitable division of the marital property of the parties * * * after making findings regarding the division of property." Minn.Stat. § 518.58 (1984). To facilitate meaningful review, the record and the court's findings should reflect how property is being divided and the value ascribed to that property.[1] The findings here are not sufficiently clear as to value. As a result, on appeal, the husband is able to characterize the court's disposition of assets as $83,000 to the wife and $14,050 to him. Conversely, the wife is able on appeal to perceive the property division to be $45,-336 to the wife and $44,550 to the husband. Because the trial court's findings are inadequate as to value, we cannot determine whether the division of that property was just and equitable. The matter must be remanded for more explicit findings. *Roberson v. Roberson*, 296 Minn. 476, 206 N.W.2d 347 (1973).

■ Neither can we determine from the record whether the court erred in its apportionment of marital indebtedness. The court's finding that husband's "family have advanced funds to him both as gifts and as loans as documented by certain memoranda" is insufficient to allow us meaningful review of this thorny issue as it affects both the parties' homestead and their Wisconsin properties. Wife insists those advanced funds were gifts; husband insists they were loans. As is often the case, these transactions occurred over a period of years, during an ongoing marital relationship, and under conditions not necessarily conducive to precise record-keeping or documentation. The task of the trial court is not an easy one. However, under the circumstances here present, we are compelled to remand this issue for specific findings as to the nature of these transactions.

Husband also complains that the trial court erred in its disposition of the homestead, and urges that it be sold and the net proceeds divided equally between the parties. Again, we are unable to meaningfully review the propriety of the homestead disposition. Because the trial court made no finding regarding whether the funds advanced by husband's family were loans to the parties, gifts to husband, or gifts to husband and wife, we are unable to determine whether the trial court considered any portion of the equity of the homestead or Wisconsin properties to be nonmarital, and, if so, what consideration that nonmarital character was given. *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981).

■ Husband next alleges that certain items of his nonmarital property were awarded to wife. The trial court made no finding as to the specific items husband mentions, nor did it make any reference to undue hardship which would permit award of nonmarital property to the nonowner spouse. Minn.Stat. § 518.58 (1984). Were this the only issue raised on appeal, it might be considered to be of such minimal effect on the property distribution as a whole as to obviate necessity of remand. However, inasmuch as this matter is being remanded on other issues, the trial court is directed to address husband's nonmarital property issues upon remand. Further, because we are uncertain as to the trial court's characterization and disposition of

---

1. While appellate review may be possible absent precise valuation in certain instances, i.e., equal division in kind of a single or fungible asset, or when an asset is of negligible value, those circumstances are not present here.

wife's $4,500 IRA, we request the trial court to address this matter also on remand.

Finally, husband questions the propriety of the trial court's award of attorney's fees to wife. Such award rests upon "considering the financial resources of both parties." Minn.Stat. § 518.14 (1984). Because a clear statement of the property division is not now available to us, we are unable to determine the financial resources of the parties. Thus, we can make no statement regarding the appropriateness of the attorney's fees award.

## DECISION

Reversed and remanded to the trial court for findings consistent with this opinion.