**In re the Marriage of Rudolph HAUKEBO, Petitioner, Appellant,**

v.

**Shirley HAUKEBO, n.k.a. Shirley Ann Dunker, Respondent.**

No. C0–84–2159.

Court of Appeals of Minnesota.

June 11, 1985.

Richard C. Hefte, Rufer, Hefte, Pemberton, Schulze, Sorlie, Sefkow & Kershner, Fergus Falls, for appellant.

Charles R. Kennedy, Sally Ireland Robertson, Kennedy and Nervig, Wadena, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Rudolph (Rudy) Haukebo appeals from an amended judgment and decree which awarded marital property to respondent Shirley Haukebo. Appellant contends that certain issues which he raised in a previous appeal to a district court appellate panel are reviewable by this court. Appellant also contends that the trial court erred on remand when it awarded the entire post-dissolution increase in value of a marital asset to respondent. Appellant further contends that an award to respondent of $2,500 in attorney fees on remand was an abuse of discretion. We affirm.

## FACTS

The parties were married on April 18, 1947. Since 1955 appellant Rudy Haukebo has operated a State Farm Insurance Agency in Battle Lake, Minnesota. Respondent Shirley Haukebo worked as a secretary and bookkeeper for the agency but had not otherwise been employed since early in the marriage. Appellant is now 66 years old and respondent is 59. There are three adult children of their marriage. Respondent remarried on December 16, 1983 and is now known as Shirley Ann Dunker.

Appellant commenced an action for dissolution in 1981. Trial was held in 1982. A partial judgment and decree dissolved the marriage on December 30, 1982. The judgment and decree dated March 1983 found that real estate known as the Asthre real estate was marital property and that certain pension benefits were appellant's non-marital property. The trial court awarded the marital property to the parties as tenants in common and declined to otherwise make a division of that property. The court also awarded maintenance and $3,500 in attorney fees to respondent. Motions by both parties to amend the judgment and decree were denied. Appellant then appealed to the district court appellate panel; respondent also sought review of various findings made by the trial court.

The district court appellate panel affirmed in part, reversed in part, and remanded the case to the trial court. The appellate panel reversed the trial court's determination that the Asthre real estate was marital property and that the pension benefits were non-marital property. The appellate panel held that appellant had a one-sixth non-marital interest in the Asthre real estate because he had originally inherited part of that property from a brother;

the court valued appellant's non-marital interest at $9,250. The other five-sixths of the Asthre real estate and the State Farm extended benefits were held to be marital property. The appellate panel held that the failure of the trial court to divide the marital property was error. The appellate panel affirmed the trial court's valuation of property and indebtedness, the award of maintenance, and the $3,500 in attorney fees. The appellate panel remanded the case for specific findings regarding a $2,340 debt on the Asthre real estate, the exact amount of a remodeling debt owed to a bank, and for division of the marital property. Appellant then filed a petition for discretionary review of the appellate panel's order by the Minnesota Supreme Court. That petition was denied.

The trial court issued its amended judgment and decree upon remand in October 1984. The trial court found that appellant had a one-sixth non-marital interest of $9,250 in the Asthre real estate and that the pension benefits were marital property. The trial court revised its findings regarding indebtedness by eliminating its finding of a $2,340 debt on the Asthre real estate and by making a specific finding of a $9,639.33 debt for remodeling. The trial court then divided the assets of the parties, awarding $173,157.95 (or 52.5%) of the marital property to appellant, and $157,012.88 (or 47.5%) to respondent. The property award to respondent included all shares in a State Farm growth fund as of August 31, 1984. The trial court also altered its award of maintenance with a caveat which took respondent's remarriage into account, and awarded an additional $2,500 in attorney fees to respondent. Appellant did not make a motion to amend the judgment and decree upon remand.

Appellant filed notice of appeal to this court. Respondent then brought a motion in the alternative to either dismiss or limit the issues on appeal. This court, on January 15, 1985, denied the motion to dismiss, but ordered that:

Our review is limited to an examination of the trial court's action on remand following the initial appeal.

## ISSUES

1. May a party obtain review by this court of issues which were the subject of an order of a district court appellate panel where discretionary review of that order was denied by the supreme court?

2. Did the trial court err on remand when it awarded respondent the entire post-dissolution increase in value of a marital asset where appellant had contributed to the increased value after dissolution but had not brought this fact to the attention of the trial court?

3. Did the trial court err when it awarded $2,500 in attorney fees to respondent on remand?

## ANALYSIS

### 1. *Review of issues previously appealed*

■ Appellant Rudy Haukebo has proposed three issues for review by this court which are identical to issues previously raised before the district court appellate panel. Those issues concern the Asthre real estate, the spousal maintenance award and appellant's pension benefits. The trial court's actions on remand were limited to conforming the judgment to the appellate panel's opinion. The three issues were only addressed by the trial court on remand to conform the judgment to the appellate panel's opinion. The only action not mandated by the appellate panel was the court's order terminating maintenance as of the date of respondent's remarriage, an action not contested by either party.

■ The order of the district court appellate panel became the law of this case when the Minnesota Supreme Court denied discretionary review. *See Peterson v. Johnson Nut Co.*, 209 Minn. 470, 471, 297 N.W. 178, 179 (1941). Consistent with our order of January 15, 1985 we limit review to the actions of the trial court on remand. The trial court on remand acted in complete

accordance with the appellate panel's order and we will not review the merits of that order.

## 2. *Property division*

The trial court has broad discretion in the division of property. Its decision will be overturned only upon a clear showing that it abused its discretion. *Hertz v. Hertz,* 304 Minn. 144, 146–47, 229 N.W.2d 42, 45 (1975). Minn.Stat. § 518.54 subd. 5 (1982) provides that marital property is "property * * * acquired by the parties, or either of them * * * at any time *during the existence of the marriage relation* between them * * *." (Emphasis added).

■ It is well settled law that the marriage relation continues until a decree of dissolution is granted, at which time the marriage contract is completely dissolved. *Johnson v. Johnson,* 277 N.W.2d 208, 211 (Minn.1979).

In this case the marriage relation between the parties was dissolved on December 30, 1982. In the original decree, the trial court found that the State Farm growth fund was an asset of the parties and awarded it to both parties as tenants in common. On appeal, the district court appellate panel reversed that award and remanded the case to the trial court with directions to apportion all the marital property between the parties. In its amended judgment and decree upon remand the trial court awarded the State Farm growth fund to respondent, valued as of August 31, 1984. Between December 30, 1982 and August 31, 1984 the growth fund increased in value by $3,923.35. Part of that increase was apparently due to contributions made by appellant and State Farm; the remaining increase was due to appreciation. It is not clear from the record what portion of the increased value is attributable to each source, and the trial court made no finding.

A similar situation was presented in *Gulbranson v. Gulbranson,* 343 N.W.2d 715 (Minn.Ct.App.1984). In that case the husband made a $14,000 payment towards property that was eventually awarded to the wife. The husband failed to inform the

trial court that he had made the payment either at trial or upon his motion for amended findings. This court ruled that the husband had not "advanced any compelling reason to revise the award on appeal rather than by appropriate post-trial motion." *Id.* at 716.

■ In this case appellant had ample opportunity to object to the award on remand because the proposed property division submitted by opposing counsel contained language virtually identical to that adopted by the trial court. The award to respondent of the value of the growth fund as of August 31, 1984 was apparently not questioned by appellant, and he made no motion to amend the trial court's division of the assets. Accordingly, we affirm.

## 3. *Attorney fees*

Minn.Stat. § 518.14 (1982) provides that the trial court, after considering the financial resources of both parties, may require one party to pay reasonable attorney fees. An award of attorney fees is almost entirely within the discretion of the trial court, and should not be disturbed absent clear abuse of discretion. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App.1984).

■ The trial court here made an initial award to respondent of $3,500 in attorney fees. That award was affirmed by the district court appellate panel and therefore cannot be challenged on this appeal. On remand, the trial court awarded an additional $2,500 in attorney fees, for a total award of $6,000. In making the award, the trial court duly considered the relative resources of the parties. The trial court found that appellant would have a gross income of about $28,000 per year from his State Farm agency. The trial court also found that respondent was unemployed at the time of trial, and would not be able to support herself after the dissolution. Considering the extensive litigation and the disparity in income between the parties, the trial court was within its discretion when it awarded the additional $2,500 in attorney fees.

## DECISION

Issues previously decided by a district court appellate panel are not reviewable by this court where discretionary review by the supreme court has been denied. The award of the entire post-dissolution increase in value of a marital asset to respondent was not reversible error. An award of $2,500 in attorney fees on remand was not an abuse of discretion.

Affirmed.