In re the Marriage of Edith L. **WEHNER**, Petitioner, Respondent,

v.

**Richard L. WEHNER, Sr., Appellant.**

No. C1–85–494.

Court of Appeals of Minnesota.

Oct. 1, 1985.

David V. Hoversten, Hoversten, Strom, Johnson & Rysavy, Austin, for respondent.

Bryan Baudler, Baudler, Baudler & Maus, Austin, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Richard Wehner appeals the property settlement provisions of his dissolution decree. He claims the trial court abused its discretion in ordering him to pay all the debts of the parties and erred in its determination that the homestead of the parties was entirely marital property. We affirm.

## FACTS

Richard and Edith Wehner were married in 1959. They built their homestead in 1960. Between 1959 and 1974 Richard worked for his father, Leo Wehner, in the family construction business known as Wehner Construction, and Edith worked in the home caring for the parties' children. In 1974 Richard and Edith delivered a promissory note to Richard's parents in return for the assets of Wehner Construction. The parties then operated Wehner Construction with both Richard and Edith working in the business. During the parties' marriage, Richard also formed Dick Wehner Crane Service, Inc., a corporation in which he owns 50% of the shares.

There was testimony that Wehner Construction is not as profitable as it had been in the past: there are significant debts and the business has encountered difficulty in obtaining credit and operating capital. However, Richard testified that the business does have a good reputation in the community. He further testified that he had no intention of voluntarily liquidating Wehner Construction and that the crane business had recently leased additional equipment.

The trial court found that the debts of the businesses totalled $267,276.93 and that the debts substantially exceeded the marital assets of the parties. Included in that total debt was $101,076.93 owed to Leo

Wehner. This figure reflected the promissory note for the purchase price of the business, another promissory note signed by both parties for the purchase of additional equipment, and the accrued rent on the business office and shop.

The trial court found that Richard was the sole owner of Wehner Construction and the shares of Dick Wehner Crane Service, Inc. The assets of these businesses were valued at $176,000; Richard was awarded the businesses and other personal property for a total award of approximately $192,000. He was also ordered to assume and pay all the debts of the businesses, including the debt owed to Leo Wehner.

The trial court awarded Edith the unencumbered homestead valued at $35,500, subject to a $5,000 lien payable to Richard in two years, along with personal property valued at approximately $6,000. She was also awarded maintenance of $500 per month for 24 months.

## ISSUES

1. Whether the trial court abused its discretion in dividing the marital property?

2. Whether the trial court erred in its finding that the homestead was entirely marital property?

## ANALYSIS

■■■ We note, initially, that the trial court found Richard to be the sole owner of Wehner Construction and the shares of the crane company. Based on the evidence in the record, which includes a promissory note signed by both parties and tendered in exchange for the assets of the business, we would be inclined to rule this finding clearly erroneous. However, both parties admit in their briefs to this court that the assets of Wehner Construction Company and the shares of the crane company are "marital assets." Statements of facts made in briefs are to be taken as binding admissions. 5 C.J.S. *Appeal and Error* § 1343 (1973). Since the parties agree that the businesses are marital property, our opinion will treat the businesses as such and review the property division accordingly.

Minn.Stat. § 518.58 (1984) requires that the court shall make a just and equitable division of the marital property of the parties * * * [and] shall base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

■■ Richard argues that it is unjust and inequitable to award him assets valued at only $192,000 while ordering him to assume all the business debts of the parties, totalling $267,277. Debts are apportionable between spouses as property in a dissolution proceeding. *Filkins v. Filkins*, 347 N.W.2d 526 (Minn.Ct.App.1984).

■■ At trial, Richard argued that he should be awarded the businesses. Recognizing that it would be inequitable to hold Edith liable for the business debts when the businesses had been awarded to him, *Stevens v. Stevens*, 300 N.W.2d 1 (Minn. 1980), Richard conceded that he should be ordered to assume the debts. However, Richard further argued that, in view of the negative net worth of the parties, he should not pay maintenance and should also be awarded the homestead, leaving Edith with nothing. There was evidence that the parties had run Wehner Construction as a successful operation in the past, successful enough to support the parties and their family. The business has apparently recently suffered a decline in profitability. However, "[t]o leave the wife with nothing because the marriage ended after several economic bad years would be questionable." *Johns v. Johns*, 354 N.W.2d 564, 566 (Minn.Ct.App.1984). Failure to

propose reasonable alternative property divisions to the trial court in difficult cases will cause an appellate court to hesitate in upsetting the trial court's division. *See Propper v. Propper,* 301 Minn. 100, 221 N.W.2d 566 (Minn.1974).

 It is true that the obligations Richard has been ordered to pay greatly exceed the value of the property awarded to him. Under certain circumstances, such a division may indeed be an abuse of discretion. Here, however, the trial court found that Leo Wehner will not be actively enforcing the $101,000 obligation owing him. Given the record before us, we cannot conclude that the trial court was incorrect in this finding. Therefore, as a result of Leo Wehner's forebearance in collecting the amounts due him, it appears that Wehner Construction will be able to continue in business despite having liabilities in excess of assets.[1] This being the case, the trial court's division offers a plausible chance for both parties to successfully proceed with their lives given a very difficult financial situation. While there are perhaps alternate divisions of property which would also have this salutary effect, Richard failed to propose any, and we will not upset the trial court's division.[2]

Richard also claims that the trial court erred in determining that the parties' homestead was entirely marital property. He claims the evidence was clear that Leo Wehner gave a gift of $12,000 entirely to Richard for use by the parties in constructing their homestead. Edith testified that the money was a gift to both parties. Richard's testimony was conflicting: he stated that the money was a gift to him, but when asked if Leo Wehner expected the money to be repaid, answered, "No. He said he'd give it to *us.*" Leo Wehner, when asked if the money was a gift to both Richard and Edith, testified, "No, I gave that to Richard. Why would you give it to two?" This statement indicates that Leo Wehner perhaps thought that giving money to a husband is the equivalent of giving it to both the husband and wife.

 Where evidence relevant to a factual issue consists entirely of conflicting oral testimony, an appellate court will disturb the trial court's ultimate finding only in the most unusual circumstances. *Berry v. Goetz,* 348 N.W.2d 376 (Minn.Ct.App. 1984). This is because in such situations the trial court's finding must necessarily have been based on the credibility of the witnesses, and we will give due regard to those observations. *Anda Const. Co. v. First Federal Savings and Loan,* 349 N.W.2d 275 (Minn.Ct.App.1984).

Further, Minn.Stat. § 518.54, subd. 5 (1984) states that

all property acquired by either spouse subsequent to the marriage and before a decree of legal separation is presumed to be marital property * * *.

Given this presumption and given that the entire evidence on this issue consisted of conflicting oral testimony, we cannot conclude the trial court's determination was clearly erroneous.

### DECISION

It was not an abuse of discretion to award the husband assets with a value significantly less than the obligation he was ordered to assume, given the circumstances of this case. The trial court did not err in its determination that the homestead was entirely marital property.

Affirmed.

1. If this debt is not considered, Richard's obligations total approximately $166,000, giving him net assets of $26,000. We recognize that obligations cannot be made to disappear on a balance sheet, but, for purposes of an equitable division in a dissolution under difficult financial circumstances, it may be that all debts are not of the same character.

2. We also note that the continued operation of the businesses gives Richard higher income producing capabilities (at least during this critical time) than Edith, whose occupational skills were deemed "minimal" by the trial court. Greater ability to pay is an important factor in sustaining an unequal apportionment of debt. *See Filkins v. Filkins,* 347 N.W.2d 526, 529 (Minn.Ct.App.1984); *Kreidler v. Kreidler,* 348 N.W.2d 780 (Minn.Ct.App.1984).