**In re the Marriage of James William LENZ, petitioner, Appellant,**

v.

**Barbara Ann LENZ, Respondent.**

No. C7–86–2213.

Court of Appeals of Minnesota.

July 21, 1987.

Paul M. Malone, Pamela Mailander, Malone & Mailander, Slayton, for appellant.

Anne E. Laporte, Marshall, for respondent.

Heard, considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

LANSING, Judge.

James and Barbara Lenz dissolved their marriage in September 1986. They stipulated to the division of marital property, but did not agree on the division of a business debt owed to James Lenz's father. The trial court allocated the business debt to James Lenz and he appeals. Barbara Lenz petitioned for review on the valuation of the business inventory. We affirm on both issues.

## FACTS

James and Barbara Lenz were married 34 years and, for the last six years of their marriage, co-owned and operated Garvin Auto Parts in Garvin, Minnesota. The business faltered in 1984. In order to keep it going, the couple obtained loans from James Lenz's father and currently owe him $70,000 on a promissory note. The parties pay interest annually on the note, but have not paid any principal. No efforts have been made to collect on the note, and Lenz's father has forgiven $13,500 in previous loans.

Prior to the dissolution, the parties stipulated to the values of various marital assets and liabilities, but could not agree on the value of the business inventory. They discussed the debt owed to James Lenz's father, but could not agree on how it should be divided.

In the dissolution order the court found the company had no value as an ongoing concern and valued the inventory at $10,-000. James Lenz received $84,920 worth of marital property, including the business property, tools, cars, equipment and inventory. He was also ordered to pay $78,207 worth of liabilities, including the entire debt owing to his father. Barbara Lenz received $51,150 worth of marital property and no marital liabilities.

Both parties moved for amended findings. Aside from correcting some minor errors, the court denied both parties' motions. James Lenz appeals the court's allocation of the $70,000 debt, and Barbara Lenz filed a notice of review on the court's valuation of the business inventory.

## ISSUES

1. Did the trial court abuse its discretion in allocating the business debt to appellant?

2. Is the trial court's valuation of business inventory reasonably supported by the evidence?

## DISCUSSION

### I

■ Debts are apportionable in a dissolution, *Filkins v. Filkins,* 347 N.W.2d 526, 529 (Minn.Ct.App.1984), and the court has discretion to award debts to one party only. *Meyer v. Meyer,* 375 N.W.2d 820, 828 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985). The trial court awarded James Lenz the parties' entire interest in the business, including all the attendant debt. Although this distribution arguably gives James Lenz a substantially smaller net property award, the court found the $70,000 debt to Lenz's father would not be enforced and determined the division was equitable. The court's conclusion is based on the fact that the parties have not made any principal payments and that Lenz's father had previously forgiven $13,500 in debts.

■ Emphasizing that the parties regularly paid interest on the note, James Lenz argues there is no support for the court's conclusion that the debt would not be enforced. Lenz also claims the parties stipulated to the division of the debt. While there is evidence the parties stipulated to the division of certain marital properties, there is no evidence they agreed to share the $70,000 debt equally; they merely acknowledged its existence. The evidence on whether or not the debt will be enforced is

admittedly unclear. However, in either event, the court's apportionment would not amount to a clear abuse of discretion. *See Gabrielson v. Gabrielson*, 363 N.W.2d 814, 817 (Minn.Ct.App.1985). The trial court evidently divided the property in an attempt to keep the debt with the business. Although there is a disparity in the awards as a result, we cannot say, under the circumstances of this case, that it was inappropriate or an abuse of discretion. *See Wehner v. Wehner*, 374 N.W.2d 569, 572 (Minn.Ct.App.1985).

## II

■ The trial court valued the business inventory at its liquidation value rather than at cost. Determining the value of an asset is a fact question and the determination should not be set aside unless clearly erroneous on the record as a whole. *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975).

■ Barbara Lenz argued the inventory should be valued at its cost basis of $45,-000, a figure the parties used on their 1985 business tax return. James Lenz testified that the liquidation value on the local market would fall between $2,000 and $5,000. Neither party called an expert.

In valuing the inventory at $10,000, the trial court properly considered the depressed local resale market, *see Carlson v. Carlson*, 390 N.W.2d 780, 785 (Minn.Ct. App.), *pet. for rev. denied*, (Minn. Aug. 20, 1986), and ultimately set the value within a reasonable range of figures offered by the parties. *Johnson v. Johnson*, 277 N.W.2d 208, 211 (Minn.1979). We cannot say the figure chosen is clearly erroneous.

## DECISION

On the whole, the valuation and division of property is within a just and equitable range, and we decline to disturb it on appeal.

Affirmed.