**In re the Marriage of Lynda Ann SOUTHWELL, Petitioner, Respondent,**

**v.**

**Brian Cook SOUTHWELL, Appellant.**

**No. C8–87–254.**

Court of Appeals of Minnesota.

Oct. 13, 1987.

Edward M. Cohen, Minneapolis, for petitioner-respondent.

Brian Cook Southwell, pro se.

Considered and decided by POPOVICH, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a judgment amending a dissolution decree. The appellant contends the trial court's distribution of the parties' marital property was improper because the court did not apportion the parties' debts and did not consider possible tax consequences. We affirm in part, reverse in part and remand.

## FACTS

Brian Southwell and Lynda Southwell were married in 1978 and have three minor children. They separated in November 1984. The parties' sold their homestead and other property in 1985 and placed the net proceeds in an escrow account. By agreement of the parties, Lynda withdrew $52,000 from the account to purchase a home in Virginia and pay off a specified debt. Other funds from the escrow account were used to pay unpaid child support. Brian's license to practice law in Minnesota was suspended in October 1985. Escrow funds totaling $10,500 were used to pay a fine levied by the Board of Professional Responsibility and settlement costs associated with a real estate transaction so Brian's license to practice law could be reinstated. After other disbursements, the escrow account contained approximately $9,500.

The parties' marriage was dissolved on October 9, 1986. The court awarded Lynda the Virginia homestead but granted Brian a $10,372.50 lien against the property. Lynda's total $58,500 property distribution included a $55,500 "preliminary property distribution" and a $3,000 automobile. Brian's total $58,500 property distribution included a $23,827.50 "preliminary property distribution," the $9,500 balance in the escrow account, $14,800 in other assets and receivables, and the lien against the Virginia property.

On October 20, 1986, Lynda moved for amended findings of fact and conclusions of law. The district court amended the decree and judgment by awarding Lynda an additional $5,000 from the escrow account. Judgment was entered November 3, 1986. Brian subsequently moved to amend both the original and amended decree contending the decree should reflect that certain payments were made from the escrow account, that a purported $16,000 tax liability existed for 1983 and 1984, and that the parties incurred two marital debts totaling approximately $28,700. Alternatively, Brian moved for a new trial on the issue of property distribution.

The court issued a second amended decree which reflected minor changes to asset values, the escrow account balance, and the amount of Brian's lien against the Virginia homestead. Judgment was entered December 31, 1986. Brian appeals from that judgment.

## ISSUES

1. Did the trial court err by failing to make specific findings on items included in the "preliminary property distribution"?

2. Did the trial court err by failing to consider the purported adverse tax consequences associated with the respondent's alleged refusal to sign joint tax returns?

3. Did the trial court err by failing to make specific findings on the parties' purported marital debts?

## ANALYSIS

Trial courts are accorded broad discretion in dividing property in marriage dissolution proceedings. *Stevens v. Stevens*, 300 N.W.2d 1, 1 (Minn.1980). A trial court's decision "will not be overturned on appeal except for a clear abuse of discretion." *Id.* The trial court's division of property must be affirmed if the court's determination "has a reasonable and acceptable basis in fact and principle." *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

### 1. Preliminary Property Distribution

■ "A trial court's division of marital property need not be mathematically equal." *Johns v. Johns*, 354 N.W.2d 564, 566 (Minn.Ct.App.1984). However, marital property divisions must be "just and equitable." *See* Minn.Stat. § 518.58 (1986). Despite insufficient findings, a trial court's property division may be affirmed

if the record as a whole is reasonably clear, the facts are not seriously disputed, and there is a reasonable basis for the trial court's decisions.

*Kreidler v. Kreidler*, 348 N.W.2d 780, 784 (Minn.Ct.App.1984) (citing *Roberson v. Roberson*, 296 Minn. 476, 478, 206 N.W.2d 347, 348 (1973)).

The second amended decree distributes property totaling $51,913.75 to each party. The decree distributes a limited number of specified assets to each party and also awards each party a substantial "preliminary property distribution." Lynda's "preliminary property distribution" amounts to $55,500; Brian's totals $23,827.50. The trial court did not state what items are included in the preliminary distributions and it is not clear from the record how those property distributions were calculated.

Since the preliminary property distributions represent a substantial portion of the total marital property and we cannot determine from the record how the trial court determined those amounts, we remand this issue to the trial court for more specific findings. *See Roberson*, 296 Minn. at 478, 206 N.W.2d at 348 (findings of fact should be made pursuant to Minn.R.Civ.P. 52.01).

## 2. Income Tax Liability

■ Brian's license to practice law was suspended in part because he failed to file income tax returns for 1983 and 1984. Brian must file those returns as a precondition of reinstatement. Brian wants to file joint rather than separate returns because he will incur lower tax liabilities by filing joint returns. Lynda has not signed the joint returns because she believes she may be held liable for some or all of the unpaid taxes and for interest and penalties.

The amended decree does not refer to tax liabilities. Brian argues that the trial court abused its discretion by failing to consider the adverse consequences of Lynda's refusal to submit signed joint tax returns for 1983 and 1984.

Trial courts *may* consider the tax consequences of property awards, provided the consequences are not speculative. *See Aaron v. Aaron,* 281 N.W.2d 150, 153 (Minn.1979). However, "tax considerations are not controlling." *Johnson v. Johnson,* 277 N.W.2d 208, 213 (Minn.1979).

Under the circumstances, we do not believe the trial court erred by failing to address the parties' tax liabilities in the amended decree. Brian and Lynda entered into a stipulation under which Lynda agreed to sign the joint returns and Brian agreed to attach an "innocent spouse" clause to both returns. The stipulation was incorporated into a May 20, 1986, order which ordered:

That the parties' 1983 and 1984 state and federal income tax returns be filed pursuant to the attached stipulation.

The May 1986 order adequately addressed the parties' tax liability problems; the trial court did not need to consider that issue again when it amended the dissolution decree.

We also believe the tax liability is speculative. It is not clear who ultimately will be liable for payment and the taxes, penalties, and interest are not established with certainty. We note that Brian may be responsible for some of the tax liabilities because of his failure to file the returns and mitigate interest and penalty assessments.

## 3. Marital Debts

■ Brian contends the trial court abused its discretion because it did not make specific findings of fact on the parties' purported marital debts.

Upon a dissolution of marriage, * * * the court shall make a just and equitable division of the marital property of the parties * * * after making findings regarding the division of the property. The court shall base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party.

Minn.Stat. § 518.58 (1986). Debts are not specifically identified as "marital property" under state statute. *See* Minn.Stat. § 518.-54, subd. 5 (1986). However, this court has held that debts may be apportionable under Minnesota's dissolution statute. *See Filkins v. Filkins,* 347 N.W.2d 526, 529 (Minn. Ct.App.1984).

While marital debt may be apportioned between the parties, property divisions should be "considered in the light of the particular facts of [each] case." *Kreidler,* 348 N.W.2d at 784. A trial court "is guided by equitable considerations in distributing rights and *liabilities,* and has broad discretion in the distribution." *Id.* (emphasis added).

The trial court did not make express findings on the Southwells' marital debts, and the record does not contain conclusive evidence of the alleged debts. However, the parties dispute the existence and amount of certain alleged debts which represent a substantial amount relative to the total value of the marital property.

Trial courts are not required to apportion marital debts. *See Justis v. Justis,* 384 N.W.2d 885, 889 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 29, 1986). We also note that the court could have apportioned the debts to the spouse with greater

income-producing capabilities. *See Krei-dler*, 348 N.W.2d at 784. However, in light of the amount of the disputed debts and the trial court's apparent failure to consider the parties' marital debts, we believe the trial court should consider and make findings on the purported debts when it considers the other property issues on remand. *Cf. Durand v. Durand*, 367 N.W.2d 621, 627 (Minn.Ct.App.1985) (the trial court was directed to make findings on the property issue when it considered other issues on remand).

## DECISION

The trial court should make findings on its "preliminary property distributions." The court also should consider the parties' purported marital debts on remand. The trial court did not err by failing to consider the tax consequences associated with the respondent's failure to sign joint tax returns.

Affirmed in part, reversed in part and remanded.