## MIDWAY MOBILE HOME MART, INC., AND ANOTHER v. CITY OF FRIDLEY.

135 N. W. (2d) 199.

May 14, 1965—No. 39,491.

*Hall, Smith, Hedlund, Juster, Forsberg & Merlin,* for appellant. *Douglass, Sheets & Bell* and *Thomas Sweeney,* for respondents.

ROGOSHESKE, JUSTICE.

Appeal by the city of Fridley from an order directing it to issue a building permit to the plaintiffs for the construction of a building to be used in connection with the sale of mobile homes.

Plaintiff Midway Mobile Home Mart, Inc., owns an interest in real property located in the city of Fridley which it desires to use for a mobile-home sales business. Prior to the purchase of the land under a contract for deed, plaintiffs received assurances from various city officials that the zoning ordinance of the city permitted the intended use of the property. On October 2, 1963, plaintiffs submitted plans to the Fridley building board for a building estimated to cost $8,000 to be erected on the property for use in its business. The board formally approved the plans as complying with the building code of the city. On October 7, plaintiffs applied to the city council for a building permit. The council refused to issue the permit on the ground that the provisions of its comprehensive zoning ordinance do not permit such intended use of the property without a special-use permit. Plaintiffs thereupon instituted this action seeking relief either upon the theory of a suit for a declaratory judgment, an action in the nature of mandamus, or one for a mandatory injunction—or perhaps for a review by certiorari. The complaint alleged compliance with the "ordinances and regulations of the City" and that the property "is properly zoned for the purposes and uses for which the plaintiff * * * wishes to use said lot." The relief demanded was an order "compelling the defendant to forthwith issue a building permit" and substantial damages caused by delay in approval.

On March 30, 1964, the case was called for pretrial, at which time a "zoning map" and the city code were received as evidence. The record is not at all clear, but it appears that the parties and the court then agreed that each party "would submit their facts" and a written argument, after which the court would consider the case submitted and render a decision. The statements submitted were partly factual, partly in the nature of offers of proof, and argumentative.

So far as pertinent to our disposition, the plaintiffs' "Statement of Facts" contained a declaration of its ownership of the property and a

copy of the contract for deed was attached as proof thereof; a recital of the oral and written assurances made by various named city officials that the property was zoned for commercial use within a "C-2" or a "C-2S" district and that the intended use was permitted by the ordinance; the fact that construction plans were submitted to and approved by the building board; and the details of the council's denial of its application for a building permit. It further declared as a fact that a like use upon property in the city similarly zoned "C-2S" is permitted to the Northeast Mobile Home Sales without a special-use permit, claimed required by defendant under the zoning ordinance, or a special permit to "park, store or occupy" a house trailer or mobile home, also claimed required by c. 41 of the city code; and asserted that the sale of mobile homes is "not similar in any way" to the operation of a used-car lot.[1] Finally, the statement included an affidavit of a realtor as proof that the intended use would in no way impair the value or enjoyment of adjoining property.

Defendant's statement, by reference to the paragraphs of plaintiffs' statement, admitted all declarations made by plaintiffs except as follows: (1) It refused to admit plaintiffs' ownership of the property and objected to receiving the contract for deed into evidence because the mortgage registration tax had not been paid, a prerequisite therefor under Minn. St. 287.10;[2] (2) it branded as "untrue" plaintiffs' statement concerning Northeast Mobile Home Sales and declared that the use of property owned by that enterprise was pursuant to permits duly issued by both the city and the state; (3) it stated, directly contrary to plaintiffs' opinion evidence, that defendant could prove that the adjoining residential property would be adversely affected, and that in the opinion of a "professional appraiser" the value of adjoining residential, church, and commercial structures "will all depreciate in the approximate sum of ten percent" if plaintiffs' intended use of the property is permitted; (4) it denied without explanation plaintiffs' assertion of the

---

[1] Under the zoning ordinance a special-use permit is expressly required for a used-car lot. City Code of Fridley, § 45.12-20.

[2] This objection was withdrawn on oral argument before this court.

dissimilarity of the sale of mobile homes and a used-car lot[3] and declared in effect that the zoning ordinance vested the council with discretionary power to exclude plaintiffs' proposed use of the property; and, finally, (5) it asserted that c. 41 of the city code also required a special permit to park or store a mobile home, whether occupied or not.

The court made no findings, simply issuing an order "[u]pon the statement of facts submitted by the plaintiffs and defendant and upon all the exhibits, pleadings and proceedings" as follows:

"IT IS HEREBY ORDERED:

"A. That the defendant forthwith issue a building permit to the plaintiffs for the construction of said building to be used in connection with its mobile home sales lots.

"B. That the plaintiff, Midway Mobile Home Mart, Inc., a Minnesota corporation, is entitled to conduct a mobile homes sales business on the property, commonly referred to as 6200 Highway 65 Northeast, Fridley, Minnesota, * * *:

\* \* \* \* \*

"C. That Chapter 41 of the City Code of the City of Fridley does not apply to the retail business of mobile home sales.

"D. That the plaintiffs or either of them do not recover money damages or attorney's fees from the defendant."

This appeal was filed 16 days following the order. For reasons unexplained, defendant made no effort to secure findings. However, defendant now urges as a primary ground for reversal or for a new trial that the court erred in failing to make specific findings as required by Rule 52.01, Rules of Civil Procedure. Plaintiffs' response is that findings were not required because "the Court explicitly stated that the basis of the order was the concise 'statement of facts submitted by

---

[3]In its argument the city claimed plaintiffs' intended use was similar to a used-car lot, requiring a special-use permit, and not similar to "[a]utomobile display and sales rooms, parking lots and structures, and gasoline service stations," expressly permitted in districts zoned "C-2 and C-2S." City Code of Fridley, § 45.12-1.

the plaintiffs and defendant.' " It is obvious this cannot be the basis, for the facts submitted upon which plaintiffs appear to claim that the council acted arbitrarily and unreasonably were neither "concise" nor undisputed.

The entire record, including the arguments of counsel before the district court and here, does not enable us to ascertain the basis for the court's order. An examination of the zoning map shows that plaintiffs' property is located in an area zoned for commercial use. The provisions of the zoning ordinance make it clear that plaintiffs' intended use is neither expressly permitted nor excluded.[4] It further appears that if it were established that the proposed use was "similar in character" to numerous uses expressly permitted, e. g., "[a]utomobile display and sales rooms, parking lots and structures," and would not "impair the use, enjoyment or value" of adjoining property,[5] the council could not arbitrarily refuse the permit. On the other hand, if the proposed use was similar to those enumerated uses permitted only upon securing a special-use permit, e. g., "[u]sed car sales lots," the provisions of the ordinance require that preliminary consideration must be given to plaintiffs' application by the city's zoning board of appeals before action by the council.[6] In either event, and although the theory of plaintiffs' action is obscure, the primary issue necessarily raised was whether the council acted unreasonably under the facts presented.

Clearly, upon this issue findings are mandatory under Rule 52.01,[7] for without findings it does not appear that the court passed upon the disputed facts material to this issue, and we can only speculate as to the basis for the decision. The purpose of the rule is to make definite and certain what the issues were and how they were decided, and thus afford this court a clear understanding of the basis for the decision.[8]

---

[4] Id. §§ 45.10, 45.12, and 45.13.

[5] Id. § 45.12-21.

[6] Id. § 45.12-20.

[7] Rule 52.01 provides: "In all actions tried upon the facts without a jury * * * the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *."

[8] Asch v. Housing and Redevelopment Authority, 256 Minn. 146, 97

It should be noted that while the rule imposes the duty to make findings upon the court, where none are made or where they appear insufficient or inadequate, the burden is upon the parties to bring the matter to the attention of the court by a motion authorized by Rule 52.02.

While on this record we would be disposed to uphold the court's conclusion that c. 41 of the city code has no application to the retail sale of mobile homes, such a piecemeal review would not dispose of the case. On what we perceive to be the primary issue, the record is so incomplete and insufficient that we believe findings could not be made without requiring plaintiffs to disclose the theory upon which they base their claim for relief and having a trial on the merits. Accordingly, we must reverse and order a new trial.

Reversed and new trial granted.

N. W. (2d) 656. See, also, Graphic Arts Educational Foundation, Inc. v. State, 240 Minn. 143, 59 N. W. (2d) 841; Naffke v. Naffke, 240 Minn. 468, 62 N. W. (2d) 63.