DOROTHY N. POSSELT v. GEORGE M. POSSELT.

136 N. W. (2d) 659.

July 16, 1965—No. 39,603.

 

*Farnes, Skaar & Prueter,* for appellant.

*Dorsey, Owen, Marquart, Windhorst & West, Horace E. Hitch,* and *Craig A. Beck,* for respondent.

PER CURIAM.

Defendant appeals from an order denying his motion for amended findings and from the judgment in an action for an absolute divorce brought by plaintiff on December 11, 1962, upon the ground of over 2 years' separation under a decree of separate maintenance. That decree was issued on April 5, 1961, and the provisions thereof for support were subsequently modified upon defendant's motions on May 24, 1962, and on March 2, 1964. The trial of the divorce action was held on May 5, 1964.

The grounds for divorce and plaintiff's claim for custody of three children, a girl, aged 14, and twin boys, aged 17, were not contested by defendant. Essentially, the only issues presented are whether the court abused its discretion in the distribution of substantial assets acquired during coverture, principally by defendant, in the amount of its award of alimony to plaintiff, and in making support and educational allowances on behalf of the children; all of which defendant claims are not supported by the evidence.

The principles governing the exercise of the broad discretionary authority

vested in the trial court are clearly expressed in Minn. St. 518.58[1] and have been so frequently reiterated in the cases that a restatement would add nothing to our prior decisions and merely length to this opinion.

Neither do we feel that a detail of the undisputed facts and circumstances would serve any useful purpose. Our appellate responsibility in a review of the issues presented in a case of this nature is discharged with a careful examination of the evidence, which has been made. Upon a consideration of the record as a whole, we are persuaded that the conclusions are supported by the evidence. Under settled rules, we thus must uphold the decision, even though, had we acted independently, we might have been inclined to grant less liberal allowances to the plaintiff.

Except for defendant's suggestion that the value of the home may be greater than was testified to by an appraiser called by plaintiff, there are no disputed facts. The award of $125 monthly alimony and $65 monthly support for each of the children and, in addition, an arrangement requiring defendant to deposit securities of the value of $15,000 to insure payment of prospective expenses for the children's college education were largely the result of agreements reached by the parties themselves. The nature, source, and extent of the property and the needs, earnings, and earning capacity of the parties were exhaustively and repeatedly investigated by the Department of Court Services shortly after the inception of the proceedings for separate maintenance in the fall of 1960. The allowances for alimony and support made in those proceedings were based upon an adequate hearing, were reexamined upon two subsequent hearings on motions for modification, and, finally, again examined in this action. The arrangement for insuring to the children an opportunity to receive a college education is, we believe, properly the primary responsibility of defendant, and the evidence clearly demonstrates that he has sufficient remaining assets and the earning capacity to meet that responsibility.[2] In its decree the court

---

[1]Minn. St. 518.58 provides: "Upon a divorce for any cause, or upon an annulment, the court may make such disposition of the property of the parties acquired during coverture as shall appear just and equitable, having regard to the nature and determination of the issues in the case, the amount of alimony or support money, if any, awarded in the judgment, the manner by which said property was acquired and the persons paying or supplying the consideration therefor, the charges or liens imposed thereon to secure payment of alimony or support money, and all the facts and circumstances of the case."

[2]Under the circumstances disclosed, this obligation will terminate upon each child's majority. See, Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. (2d) 652.

confirmed plaintiff's ownership of assets which came into her possession while the parties were separated, including insurance policies upon defendant's life which he refused to maintain, one-half of the proceeds of the sale of land adjoining the home, life insurance proceeds to her as beneficiary upon the untimely death of the parties' eldest son in November 1963, and bank deposits owned by her. In addition, plaintiff was granted sole ownership of the home valued at $35,100, the household goods valued at $5,000, and, in addition, securities valued at $20,000 out of securities owned by defendant having a total value slightly in excess of $90,900. Although defendant's uncertain income tax liabilities offset the value of the remaining securities retained by him, in our opinion the distribution and allowances to plaintiff are within permissible limits and are clearly supported by the evidence.

Defendant justifiably claims that the court made inadequate findings. We have repeatedly declared that the requirement of Rule 52.01, Rules of Civil Procedure, that findings be made in actions tried to the court is mandatory.[3] When the requirement is not fulfilled and thereby the basis for the court's decision is obscure, not only are litigants likely to express their dissatisfaction by appeal, but our burden on review is increased. Furthermore, the process of delineating the basic and essential facts has a salutary disciplinary effect upon the trial court, for thereby the court is compelled to focus upon all of the facts essential to the decision. However, here the record is clear; the evidence is without significant dispute; and we have undertaken the task of painstakingly reading and analyzing the entire record. While we would have been immeasurably aided had the court responded to defendant's post-trial motion and made more detailed findings, no purpose would now be served by a remand.[4]

Affirmed.

---

[3] Midway Mobile Home Mart, Inc. v. City of Fridley, 271 Minn. 189, 135 N. W. (2d) 199; Naffke v. Naffke, 240 Minn. 468, 62 N. W. (2d) 63.

[4] Allen v. Village of Savage, 261 Minn. 334, 112 N. W. (2d) 807; Asch v. Housing and Redevelopment Authority, 256 Minn. 146, 97 N. W. (2d) 656.