**Bernice A. STASSEN, Respondent,**

v.

**Richard J. STASSEN, Appellant.**

**No. C8–83–1492.**

Court of Appeals of Minnesota.

June 19, 1984.

James P. Nelson, Schlagel, Legler, Nelson & Rosenblad, St. Paul, for respondent.

Arnold E. Kempe, Kempe & Murphy, West St. Paul, for appellant.

Heard, considered, and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

RANDALL, Judge.

In this marriage dissolution action, the husband appeals from an unequal division of real property and from the determination that certain real property was marital property. We affirm.

## FACTS

Bernice and Richard Stassen were married in 1934. They have no dependent children. Richard is now 74 years old, and Bernice is 71. Her health is better than his. At the time of the dissolution, the parties owned two triplexes, and the division of those properties is the sole issue of this appeal. They are located at 774 and 778 Winslow in West St. Paul.

The property at 774 Winslow consists of two lots, one of which is vacant, and on the other lot one of the two triplexes is located. The parties' home was one of the units in the 774 Winslow building.

The property at 774 originally belonged to the husband's father, and was deeded to the husband at his father's death in 1958. At that time it had no mortgage. In 1968 the parties placed a $10,000 mortgage against the property, the proceeds of which were used to remodel the buildings at both 774 and 778. Approximately $3,300 remained to be paid at the time of trial. The wife testified, and the trial court found, the husband's father intended the parties to own the property jointly in exchange for their agreement to live there with him and care for him during the last years of his life. The husband denied the existence of such an agreement.

The property at 778 Winslow was purchased from the wife's mother in 1968 for $14,500, a sum less than its market value, in exchange for the parties' agreement for the wife's mother to live there at a fixed rent. The mortgage balance at the time of trial was approximately $6,400.

Both properties were converted into triplexes through the joint contributions of both money and labor of the parties. The market values of the properties were disputed, and the trial court made no finding of fact as to their values. The parties agreed that the 774 property was worth about $10,000 more than the 778 property, chiefly because of the vacant lot valued at $10,000 included in the 774 parcel.

Originally the 774 property was only in the husband's name and the 778 property was joint tenancy. In 1970, the husband conveyed his interest in both properties to the wife. He testified that he did so solely to protect the properties from possible judgment liens because of pending litigation against himself. (The lawsuits resulted in judgments against him of about $2000.) He had the wife execute two blank deeds, with her signature notarized, for later reconveyance of the properties, but she burned both deeds before she began dissolution proceedings. She testified that, while protection of the properties was one reason why he conveyed his interests to her, he also told her, as he handed over the deed to 774, that she had earned it by her hard work and support of the family.

For the last 26 years of the marriage, the wife was the primary (and in some years, the sole) wage-earner of the family. In addition, she performed all homemaking duties for herself, her husband, and the husband's father during the last years of his life. She assisted in the management of the rental units, and also performed half of the actual physical remodelling of the units.

The trial court found that both properties were marital property, and awarded the building at 774 Winslow to the husband, subject to a $25,000 no-interest lien in favor of the wife. The court awarded the property at 778 to the wife unencumbered, and ordered the vacant lot at 774 sold, to pay off the mortgages on both properties.

Both parties' only income beyond the rental income from the triplexes is social security. The wife receives $246 per month and the husband $200 per month.

## ISSUES

I. Did the trial court err in finding that the property located at 774 Winslow was marital property?

II. Was the trial court's division of the parties' property an abuse of discretion?

## ANALYSIS

### I.

Minn.Stat. § 518.54, subd. 5, provides: "Marital property" means property real or personal ... acquired by the parties, or either of them, to a dissolution, legal separation, or annulment proceedings at any time during the existence of the marriage relation between them, or at any time during which the parties were living together as husband and wife under a purported marriage relationship which is annulled in an annulment proceedings. All property acquired by either spouse subsequent to the marriage and before a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in a form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, or community property ...

"Non-marital property" means property real or personal, acquired by either spouse before, during, or after the existence of their marriage, which

(a) is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse;

(b) is acquired before the marriage;

(c) is acquired in exchange for or is the increase in value of property which is described in clauses (a), (b), (d), and (e);

(d) is acquired by a spouse after a decree of legal separation; or

(e) is excluded by a valid antenuptial contract.

The trial court found that 774 Winslow had been the consideration for the husband and wife to care for the husband's father and was marital property. This

court accepts the trial court's determination that there was such an agreement, since there is evidence in the record to support such a finding. The existence of the agreement supports the conclusion that the property was marital property. It is irrelevant under Minn.Stat. § 518.54 that title to the property was in the husband's name alone. Additionally, if the husband's father decided to breach the agreement he had with the parties, and to give the property solely to the husband, the wife would be equitably entitled to half the property. The wife's failure to pursue an action for a constructive or resulting trust imposed upon the property does not bar imposing such a trust now, since she had no reason to doubt her husband's good faith, and had no notice that he held title to the property adversely to her interests until now. *See Knox v. Knox,* 222 Minn. 477, 25 N.W.2d 225 (1946). The fiduciary relationship which exists between spouses bars the husband from profiting from any breach of the agreement by his father. Similarly, the wife may not profit from the breach of any promise she made to reconvey the properties after the husband deeded them to her.

## II.

■■■ Once it determined that both 774 and 778 Winslow were marital property, the trial court had broad discretion in their division. Where evidence supports the trial court's division, this court will affirm even if it might have reached a different conclusion. *Posselt v. Posselt,* 271 Minn. 575, 136 N.W.2d 659 (1965). The trial court can be reversed only on a clear showing of abuse of discretion. *Bogen v. Bogen,* 261 N.W.2d 606 (Minn.1977). Equitable, not equal, division of marital property is required. *Ruzic v. Ruzic,* 281 N.W.2d 502 (Minn.1979).

The trial court ordered the property divided as follows: The vacant lot at 774 was to be sold, with the proceeds used to pay off the mortgages on both properties. The house at 774 was awarded to the husband, subject to a $25,000 lien in the wife's favor, representing about half of the house's equity. The lien was not to accrue interest,

and was subject to foreclosure only if the house was sold or on the husband's death. Therefore, the actual cash value of this lien would be something less than the stated amount of $25,000. The property at 778 Winslow was awarded to the wife free and clear. Both parties received homes, and both parties received income-producing apartments. In addition, both parties receive monthly social security benefits.

Under Minn.Stat. § 518.58, the court must make "a just and equitable division of the marital property of the parties without regard to marital misconduct." The court must base its findings supporting the division upon

> all relevant factors, including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contributions of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

Minn.Stat. § 518.58.

■■■ The findings of the trial court took into account the relevant factors set forth in the statute. The court found that

> 4. Both parties are presently on Social Security, with Petitioner [wife] receiving approximately $246 per month and Respondent [husband] receiving approximately $200 per month. Petitioner has been continuously employed and has supported the family through her earnings. In addition to being the principal provider of income of the family, she was also the sole homemaker and cared for Respondent's father. She also undertook the management of the rental units. Respondent has been a habitual consumer of alcoholic beverages, and Respondent's contribution to the acquisition and maintenance of the parties' assets from his employment has been minimal.

**24**

While a court may not base its property division upon a finding of fault, and fault includes a finding that one spouse was a habitual consumer of alcoholic beverages, the court's decision was based upon relevant factors. Arguably, the reference to the husband's consumption of alcoholic beverages was not a basis for the unequal division of property but an explanation for his lengthy failure to contribute to the marriage.

Although the division of assets was not mathematically equal, we cannot say, given the trial court's findings and the adequate provision made for both parties, that the trial court abused its discretion.

### DECISION

The property at 774 Winslow was marital property, and the trial court did not err in its division.

Affirmed.