**In re the Marriage of Patricia R. OLNESS, petitioner, Appellant,**

v.

**John C. OLNESS, Respondent.**

**No. C3–84–471.**

Court of Appeals of Minnesota.

April 2, 1985.

Edward M. Cohen, Edward M. Cohen & Associates, St. Louis Park, for appellant.

David S. Maring, Cahill, Jeffries & Maring, Moorhead, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Patricia Olness appeals the trial court's denial of her motion for a new trial in a dissolution case. She disputes the court's division of property, and respondent asks for review of the court's valuation of certain assets. We affirm.

## FACTS

The parties were married on November 20, 1960, in Moorhead, Minnesota. Their three children are adults.

The couple accumulated considerable assets during the course of their marriage, including farmland and real estate. Appellant was primarily a homemaker. She also worked at the family's businesses at times, and she operated a children's clothing store from 1967 through 1974. Respondent was mainly responsible for the parties' business operations.

At trial, extensive testimony was taken as to the value of the parties' assets. In a letter requesting preparation of findings, the court noted assets of $4,237,566, liabilities of $2,588,741, $14,000 pre-marital prop-

erty of John Olness, and net marital equity of $1,634,825. The court decided to award Patricia Olness property and cash with a value of $793,779, which is 48.5% of the equity, child support of $2,000 per month for the child who was a minor at the time, and maintenance of $500 per month for fifteen months. John Olness was to be responsible for all of the liabilities of the parties, except the underlying debts of items awarded to appellant.

The court issued a second letter on October 4, correcting certain arithmetical errors. The corrections increased the net marital equity of the parties. The cash award to Patricia Olness was to be increased by $10,000. The amended demand for findings indicated assets of $4,056,829, liabilities of $1,889,622, respondent's premarital assets of $14,000, and a net equity of $2,153,207, and awarded Patricia Olness 37.3% of the marital equity. The findings ultimately issued by the court contained several more corrections, reducing Patricia Olness's share in the equity to 36.1%. Both parties moved for amended findings and, in the alternative, a new trial. The trial court amended the findings by making several more changes, and denied all other motions. This final order increased appellant's share of the equity to 36.7%.

### ISSUES

1. Was the trial court's final division of property an abuse of discretion?

2. Was the trial court's valuation of certain assets of the parties erroneous?

### ANALYSIS

1. Minn.Stat. § 518.58 (1982) provides that the court shall make a "just and equitable division of the marital property." The court is to base its findings

> on all relevant factors including the length of the marriage * * *, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution

of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

*Id.*

■ The trial court has broad discretion in the division of property. Even if a reviewing court might have taken a different approach than the trial court, the trial court's decision will not be overturned, absent a showing of clear abuse of discretion. *Miller v. Miller,* 352 N.W.2d 738, 741–42 (Minn.1984).

■ The question here is whether the trial court erred when its initial award gave appellant nearly one-half of the equity of the parties, and the final award, after errors were corrected, gave her 36.7% of the equity.

The trial court's decision was based in part on the finding that the assets awarded to respondent were more vulnerable to a future decrease in value than the assets awarded appellant. The decision was also based in part on the personal efforts which the respondent would have to make in order to preserve the debt-encumbered property which he was awarded. Finally, while the trial court awarded respondent a larger percentage of the net equity, his risks associated with taking a larger percentage of the total debt erode the value of his award. A change in the percentage of the equity awarded to each party through a redetermination of value, after a decision on the distribution of the assets and liabilities, does not necessarily result in an abuse of discretion.

In *Ruzic v. Ruzic,* 281 N.W.2d 502 (Minn. 1979), the Minnesota Supreme Court rejected the argument that an equal division of marital property was required under Minn. Stat. § 518.58 (1976). The supreme court concluded the trial court had not abused its discretion in making an equitable but unequal division of property. *Id.* at 505. Appellant contends that *Ruzic* is obsolete because of 1978 and 1982 amendments to section 518.58, and because of appellate

decisions affirming trial court decisions for equal divisions of property. *See Miller.*

Section 518.58 was amended in 1978 to require a presumption that each spouse made "a substantial contribution" to the acquisition of marital property while the couple lived together. 1978 Minn.Laws ch. 722, § 53. In *Ruzic,* the supreme court expressly declined to decide whether the 1978 amendment required an equal division of marital property. *Ruzic,* 281 N.W.2d at 505 n. 3. In 1982, section 518.58 was further amended to make conclusive the required presumption of substantial contributions.

■ Equity does not require an equal division. *Id.* Similarly, the trial court is not required to find that a contribution which is substantial is equal. "Equitable, not equal, division of marital property is required." *Stassen v. Stassen,* 351 N.W.2d 20, 23 (Minn.Ct.App.1984).

■ 2. Respondent contends that the trial court's valuations show net equity in excess of that which actually exists, and that this led to an excessive award of property to appellant. Unless they are clearly erroneous, the trial court's findings on the value of assets will not be disturbed. Minn.R.Civ.P. 52.01. The supreme court stated, in a case where the valuation of stock was discussed,

> The trial court's decision is to be affirmed if it has an acceptable basis in fact and principle even though this court may have taken a different approach.

*Castonguay v. Castonguay,* 306 N.W.2d 143, 147 (Minn.1981). In valuing assets, "it is only necessary that the value arrived at lies within a reasonable range of figures." *Johnson v. Johnson,* 277 N.W.2d 208, 211 (Minn.1979).

■ We have examined each item which respondent alleged was incorrectly valued. We find that the valuation of each item by the trial court was within the range of the testimony provided to the court, and that there was no clear error.

### DECISION

The trial court did not commit reversible error in its valuation or division of property.

Affirmed.