In re the Marriage of: **Manjula S. TAILOR–NAVSARIA, Petitioner, Respondent,**

v.

**Shashikant K. TAILOR–NAVSARIA, Appellant.**

No. C1–85–656.

Court of Appeals of Minnesota.

Oct. 15, 1985.

Stephen W. Walburg, Shakopee, for respondent.

Michael G. Singer, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK, and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal is from a judgment and decree of dissolution. Shashikant Tailor-Navasaria challenges the trial court's valuation and division of property. We affirm.

## FACTS

Shashikant and Manjula Tailor-Navsaria were married in 1974. They had no children. The parties purchased a home in 1978. Manjula has lived in the house and made all payments since their separation in 1981.

This home was purchased for $42,900 with $5,000 down. Of this amount, $700 was from Manjula's non-marital funds, a $1,100 loan from her family, a loan from appellant's brother, and the couple's savings. There is a home improvement loan with a $700 balance. They also own a 1979 automobile.

When Manjula and Shashikant were married, the family of each spouse gave gifts to the other spouse according to tradition of their Hindu faith. Appellant claims these gifts were contingent upon success of the marriage and should be returned. Respondent claims the gifts were made outright.

The parties filed a joint tax return for 1981. An audit resulted in an additional tax of $3,337.63. Appellant paid the tax and filed an amended return. He expects a partial refund.

The court awarded the home to Manjula subject to outstanding encumbrances. Appellant was awarded $9,114 as his marital interest in the homestead, the automobile valued at $1,500, a stereo set, dining room table, two chairs, and a bicycle. Respondent was awarded a $1,000 bond, three $100 United States Savings Bonds and the remaining household goods. Each party was awarded the wedding gifts each received. Appellant is responsible for the 1981 tax deficiency and may retain any refund.

## ISSUES

1. Did the trial court err in determining respondent's non-marital contribution to the parties' homestead?

2. Did the trial court err in awarding respondent the homestead and in dividing other personal property?

3. Did the trial court abuse its discretion in determining responsibility for the 1981 tax deficiency?

## ANALYSIS

1. Appellant specifically claims the $1,100 contribution to the down payment was marital in nature.

Minn.Stat. § 518.54, subd. 5 (1984), provides that all property acquired during marriage is presumed to be marital property regardless of whether the title is held individually or jointly. That presumption is overcome by showing that the property is non-marital.

"Non-marital" is defined as real or personal property—

acquired by either spouse before, during, or after the existence of their marriage, which

(a) is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse;

(b) is acquired before the marriage;

(c) is acquired in exchange for or is the increase in value of property which is described in clauses (a), (b), (d), and (e);

(d) is acquired by a spouse after a decree of legal separation; or

(e) is excluded by a valid antenuptial contract.

*Id.*

The court found the $1,100 was non-marital property based on Manjula's testimony that the money was from her separate account.

The homestead comprised both marital and non-marital assets. *See Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981). Using the *Schmitz* formula the court found Manjula's non-marital interest had ·in-

creased to $2,772 ($1,800 non-marital contribution divided by $42,900 purchase price times $66,000 fair market value). Appellant's marital interest in the homestead is $9,114. This represents one-half the net equity minus respondent's non-marital interest of $2,772 [ (½) $22,000 minus $2,772 = $9,114].

■ The trial court's determination of appellant's and respondent's non-marital contribution to the homestead is based on the record. The court correctly applied the *Schmitz* formula.

2. Appellant also argues that the trial court abused its discretion when it awarded Manjula the homestead and divided other personal property. He claims the homestead should have been sold absent justification to select one party over the other. He disputes the value placed on the car.

■ In dividing property, a trial court has considerable discretion, and its decision will not be overturned on appeal, absent abuse. *Reck v. Reck*, 346 N.W.2d 675 (Minn.Ct.App.1984). There is no requirement that the property division be equal. *Johns v. Johns*, 354 N.W.2d 564, 566 (Minn. Ct.App.1984).

■ The facts here compel a determination that there was no abuse of discretion in dividing the parties' property. The trial court found that Manjula had lived in the house and made payments the past three years. She is required to pay Shashikant $9,114 for his share of the equity, which is more than he would receive if the home were sold.

"Exactitude is not required of the trial court in the valuation of assets * * *; it is only necessary that the value arrived at lies within a reasonable range of figures."

*Ebnet v. Ebnet*, 347 N.W.2d 840, 842 (Minn. Ct.App.1984) (quoting *Johnson v. Johnson*, 277 N.W.2d 208, 211 (Minn.1979)). Where estimates of the auto's value ranged from $1,200 to $2,500, it was not unreasonable for the court to set the value at $1,500.

Minn.Stat. § 518.58 (1984) provides that—

[t]he court may also award to either spouse the household goods and furniture of the parties, whether or not acquired during the marriage.

The trial court properly exercised its discretion in distributing the property. *See Kreidler v. Kreidler*, 348 N.W.2d 780 (Minn.Ct. App.1984).

3. Appellant claims the court erred in holding him responsible for the entire tax deficiency of $3,337.63.

■ Debts may be awarded to one party only. *See Dahlberg v. Dahlberg*, 358 N.W.2d 76 (Minn.Ct.App.1984).

Where evidence supports the trial court's division, this court must affirm even if it would have reached a different conclusion in the first instance.

*Filkins v. Filkins*, 347 N.W.2d 526, 528 (Minn.Ct.App.1984) (citing *Posselt v. Posselt*, 271 Minn. 575, 136 N.W.2d 659 (1965)). The trial court did not abuse its discretion.

### DECISION

The trial court did not err in valuation and division of property. Affirmed.