In re the Marriage of Walter Elmer **ZIEMER, Petitioner, Appellant,**

v.

**Grace S. ZIEMER, Respondent.**

**No. CX–85–2096.**

Court of Appeals of Minnesota.

May 6, 1986.

Review Denied July 16, 1986.

Stephen D. Gabrielson, Dougherty & Scott, Fairmont, for appellant.

Elton A. Kuderer, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, P.A., Fairmont, for respondent.

Heard, considered and decided by PARKER, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

In this marriage dissolution action, Walter Ziemer appeals from a judgment, claiming the trial court abused its discretion in dividing the marital property, in denying him spousal maintenance, and in awarding attorney's fees. We affirm in part, reverse in part, and remand.

## FACTS

Appellant Walter Ziemer and respondent Grace Ziemer were married in 1947; they were 62 and 60 years old, respectively, at the time of the dissolution hearing. The Ziemers lived until 1967 on a 113-acre farm rented from appellant's father. Appellant farmed and maintained livestock with the help of his wife and their two sons. Respondent has taught school since 1944, except for the period from 1947 through 1951. She obtained a college degree in 1962 from Mankato Teachers College and earned an annual salary of approximately $22,500 in 1984–85. In addition to her salary, she receives health insurance, disability insurance, and an option to carry life insurance. Respondent also has a vested pension through the Teachers Retirement Associa-

tion, which would pay her $1,228 per month if she were to retire in 1986.

During the last five years the Ziemers were together, the farming operation disintegrated. Appellant was hospitalized for alcoholism in May 1967 and placed in a nursing home until October. Respondent then sold the farm equipment and cattle for approximately $3,000 and testified that the proceeds of the sale were used to pay appellant's medical expenses. Respondent bought a house in Dunnell, Minnesota, in the spring of 1967 for $9,000, currently valued at $17,400. Appellant returned to live with respondent for a short time in 1967–68, but they have not lived together since.

On respondent's petition, the Martin County Court ordered her appointed as appellant's guardian in 1981. Appellant later filed to discharge her as guardian. The court granted his request, ordered respondent to resign as guardian, and appointed the Ziemers' son Mark as guardian. On appellant's petition, the court later changed the guardianship to a conservatorship. (Mark Ziemer is now his father's conservator). The conservatorship is identical to the guardianship except that it permitted appellant to bring the marriage dissolution action. The court appointed a guardian ad litem to represent appellant's interests in the divorce proceeding.

Appellant receives Social Security retirement income of $269 per month. This is sent to his son Mark, who gives appellant $30 per week for food, clothing, and entertainment. Appellant also receives $22 per month in food stamps. Between the time of the trial court's decision and this appeal, appellant became the income beneficiary of a $58,000 testamentary trust. At oral argument, the parties agreed that this fact was uncontroverted. Mark Ziemer pays appellant's monthly rent, which is fixed at one-third of his income, on his apartment in Fairmont, Minnesota. Because of his alcoholism, his health is poor and he is unemployable.

The trial court found appellant had no real property and awarded him the personal property in his possession at the time of the dissolution proceeding, valued at approximately $2,500, much of which is a burial account. The trial court awarded respondent the personal property in her possession at the time of the dissolution proceeding plus the house in Dunnell and her pension, totaling approximately $62,000.

## ISSUES

1. Did the trial court abuse its discretion in dividing the marital property?

2. Did the trial court abuse its discretion in denying appellant spousal maintenance?

3. Did the trial court abuse its discretion in awarding appellant less than 50 percent of his attorney's fees?

## DISCUSSION

### I

In dissolution cases the trial court has broad discretion in distributing property and will be reversed only for a clear abuse of discretion. *Taylor v. Taylor,* 329 N.W.2d 795, 797 (Minn.1983). Marital property is defined as

property, real or personal, including vested pension benefits or rights, acquired by the parties, or either of them, to a dissolution * * * at any time during the existence of the marriage relation * * *. *All property acquired by either spouse subsequent to the marriage * * * is presumed to be marital property * * *.*

Minn.Stat. § 518.54, subd. 5 (1984) (emphasis supplied). The trial court awarded each party the property in his or her possession as of the time of the dissolution but did not award appellant any portion of the marital property, consisting primarily of the homestead and respondent's pension.

Although property acquired during the marriage is presumed to be marital, the overall property division need not be equal. Distribution of property, however, must be equitable. Minn.Stat. § 518.58 (1984); *Stassen v. Stassen,* 351 N.W.2d 20, 23

(Minn.Ct.App.1984) (citing *Ruzic v. Ruzic*, 281 N.W.2d 502 (Minn.1979)). In *Stassen* the husband was an alcoholic in poor health and had contributed very little to the parties' 50-year marriage. During the last 26 years of the marriage, the wife was the primary or sole wage earner, performed all homemaking duties, assisted in managing the parties' rental units, and performed half of their remodeling. The trial court awarded the husband only 25 percent of the marital property and he appealed. *Id.,* 351 N.W.2d at 22. In affirming this unequal division of marital property, this court noted that both the husband and wife received homes, and both parties received income-producing apartments in addition to their monthly Social Security benefits. *Id.* at 23–24.

■ In contrast to *Stassen*, the unequal property division in this case is impermissibly inequitable and represents an abuse of the trial court's discretion. Although appellant acknowledges he did not contribute as much to the marital property as respondent, it must be "conclusively presumed that [he] made a substantial contribution to the acquisition of income and property while [the parties] were living together as husband and wife." Minn.Stat. § 518.58 (1984). Despite the fact that the Ziemers lived together as husband and wife for 20 years, appellant received *none* of the marital property. The homestead is clearly marital property to which appellant has a right, it having been purchased with funds accumulated during the time the Ziemers lived together as husband and wife. Although respondent's pension is also marital property, the trial court did not clearly abuse its discretion in awarding it all to her.

## II

■ A spouse seeking maintenance must show that he lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, and that he is unable to adequately support himself after considering all relevant circumstances. Minn.Stat. § 518.552, subd.

1(a), (b) (Supp.1985); *Robinson v. Robinson,* 355 N.W.2d 737 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn.Jan. 2, 1985). A trial court's determination of a maintenance award will not be overturned absent an abuse of discretion. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). The need of the spouse requesting maintenance must be balanced against the other spouse's ability to provide it. *Durand v. Durand,* 367 N.W.2d 621, 626 (Minn.Ct. App.1985).

■ Appellant's income consists of Social Security and food stamps. He is unemployable, has few furnishings and clothes, and has no other major items of personal property. Respondent's income, on the other hand, is sufficient to provide for her needs and some additional amount for spousal maintenance. Ordinarily, it would appear that an award of spousal maintenance would be appropriate. However, because appellant has become the income beneficiary of his father's $58,000 testamentary trust, the absolute need for an award of spousal maintenance no longer exists. Therefore, we affirm the trial court on this issue.

## III

■ Minn.Stat. § 518.14 (1984) provides in pertinent part:

> [T]he court, * * * after considering the financial resources of both parties, may require one party to pay a reasonable amount necessary to enable the other spouse to carry on or to contest the proceeding, and to pay attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement or after entry of judgment.

*Id.* An award of attorney's fees rests almost entirely within the trial court's discretion, and "a reviewing court will rarely reverse the trial court on that issue." *Rosenberg v. Rosenberg,* 379 N.W.2d 580 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn.Feb. 19, 1986).

Appellant has incurred over $2,000 in attorney's fees, not including this appeal. He has been proceeding *in forma pauperis* and has not paid his attorney, nor does he appear able to pay. He claims the trial court's award of $900 is inadequate to enable him to pursue his legal rights. We agree and remand on this issue with instructions that the trial court include the cost of this appeal in its consideration.

## DECISION

The trial court did not abuse its discretion in refusing to award appellant spousal maintenance or any portion of respondent's pension, and we affirm on these issues. Its division of the homestead and award of attorney's fees, however, represent an abuse of discretion. We reverse and remand to the trial court for further consideration of these issues.

Affirmed in part, reversed in part, and remanded.