**In re the Marriage of Mary Elaine PUTBRESE, Petitioner, Respondent,**

**v.**

**Larry Max PUTBRESE, Appellant.**

**No. C9-85-2140.**

Court of Appeals of Minnesota.

May 20, 1986.

Bruce D. Obenland, Glenwood, for respondent.

Patricia W. Dolentz, St. Cloud, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and FOLEY and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

This appeal concerns the division of property in a marriage dissolution. We remand.

## FACTS

In 1984, the parties' marriage was dissolved and several issues were reserved for later determination. At a hearing to temporarily decide several issues, the trial court ordered appellant to pay all debts and mortgages of the parties during the pendency of the action. In August 1985, trial was held on the reserved issues. The parties specifically requested the trial court to decide issues concerning pension benefits, tax adjustments for the years the parties were married, and appellant's payments on marital debts. In its order, the trial court awarded all three of appellant's pensions to appellant. The trial court did not address the tax adjustments or the payments made by appellant. Following a motion by respondent for amended findings of fact, the court amended its order to reserve jurisdiction over appellant's pensions without making any additional findings.

## ISSUE

Did the trial court make adequate findings of fact?

## ANALYSIS

Minn.Stat. § 518.58 (1984) requires the trial court to make "findings regarding the division of the property." The statute also requires that the findings take into account "all relevant factors including":

the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

*Id.*

In *Moylan v. Moylan,* 384 N.W.2d 859, 863 (Minn.1986), the supreme court stated:

The Minnesota Rules of Civil Procedure require, "In all actions tried upon the facts without a jury * * *, the court shall find the facts specially * * *." Minn.R.Civ.P. 52.01. This rule applies in all family court cases. Fam. Court R., preamble. Findings are necessary to support a judgment and to aid the appellate court by providing a clear understanding of the basis and grounds for the decision. *Midway Mobile Home Mart, Inc. v. City of Fridley,* 271 Minn. 189, 193, 135 N.W.2d 199, 202 (1965).

In the present case, the trial court made only one finding concerning the division of property:

The remaining undivided property of the parties should be divided as equally as possible as no factors are present to indicate otherwise.

The trial court made no mention of the tax adjustments or payments made by appellant during the pendency of the action. The trial court gave no explanation for making the change in the award of appellant's pensions.

## DECISION

Mindful of the supreme court's statements in *Moylan,* we remand this case to the trial court for express findings on the division of marital property.

Remanded.