**In re the Marriage of Lorraine Marie CARLSON, Petitioner, Respondent,**

**v.**

**Richard Gerald CARLSON, Appellant.**

**No. C0–86–13.**

Court of Appeals of Minnesota.

Aug. 5, 1986.

John F. Bonner, Jr., Minneapolis, for respondent.

Douglas A. Ruhland, Eden Valley, for appellant.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ.

## OPINION

FOLEY, Judge.

Richard Carlson appeals from a judgment in a dissolution action awarding the parties' homestead entirely to Lorraine Carlson. We reverse and remand.

## FACTS

The parties were married on January 15, 1966. They had two children. This action was brought in April 1981.

Lorraine Carlson completed her sophomore year in high school. She worked housecleaning and babysitting until the parties married. She had no other education or work experience during the marriage other than her work as a waitress in a restaurant on Lake Street in Minneapolis. The remainder of her time she spent as a housewife raising the parties' children.

Richard Carlson was steadily employed as a meat cutter for Park Meats for most of the marriage. The parties purchased a home in Coon Rapids, Minnesota in July 1969. It is currently valued at about $59,-000 with a mortgage remaining of approximately $7,000. Lorraine has no source of income other than AFDC.

Contrary to a restraining order, Richard cashed in all the life insurance policies that were acquired by the parties during coverture. He will receive benefits of a pension

which the parties contributed to during the marriage.

A hearing was held on June 4, 1985. The sole issue to be decided was the disposition of the parties' homestead. All other issues had been stipulated to by the parties.[1]

At the conclusion of the hearing, the court ordered Richard to furnish information concerning the total amount of cash he received from the insurance policies and information concerning the pension benefits he would receive from the Minneapolis Retail Meat Cutters and Food Handlers Union. The court requested a letter memorandum from each of the parties arguing their position in the matter. This memorandum was to be submitted no later than July 5, 1985.

Although two letters were written by Lorraine's attorney to Richard's attorney before the July 5 deadline, the information was not received. Richard never replied to the court's request for a memorandum. The court had also requested proposed findings be submitted at the same time as the memoranda.

On September 9, 1985, the court inadvertently signed some findings that evidently had been put in the file at a previous hearing on the case. The September 9 order awarded both parties the homestead in joint tenancy. Lorraine was granted possession until the minor child reached majority, when the home was to be sold. The court signed a second order for judgment September 28, 1985. This order gave the homestead entirely to Lorraine.

On October 11, 1985, Richard filed a motion for amended findings and request for reconsideration pursuant to Rule 59 of the Minnesota Rules of Civil Procedure. The motion was heard on October 24, 1985. Inexplicably, the trial court failed to rule on this motion.

## ISSUE

Did the trial court err in dividing the parties' homestead?

## ANALYSIS

Richard argues the trial court erred by failing to make comprehensive findings and by considering marital misconduct in the property disposition. Richard also argues that the trial court abused its discretion by failing to award the homestead to the parties equally where the marriage was long term.

The most significant of these arguments is the lack of adequate findings. The legislature has enumerated certain factors to be considered by a trial court when dividing marital property. Minn. Stat. § 518.58 (1984). *See Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986). Findings must be made on these statutory factors. The statute requires:

> [T]he court shall make a just and equitable division of the marital property of the parties without regard to marital misconduct, after making findings regarding the division of the property. The court shall base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker. It shall be conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife.

Minn. Stat. § 518.58.

Although *Moylan* dealt with modification of child support, the supreme court clearly intended that findings be made in all family law cases:

1. Appellant argues that the court's original order for judgment, dated September 9, 1985, incorporated the stipulation which also included an equal division of the parties' homestead. There is nothing in the record reflecting a stipulation as to the homestead.

The Minnesota Rules of Civil Procedure require, "In all actions tried upon the facts without a jury * * * the court shall find the facts specially * * *." Minn.R. Civ.P. 52.01. This rule applies in all family court cases. Fam. Court R., preamble. Findings are necessary to support a judgment and to aid the appellate court by providing a clear understanding of the basis and grounds for the decision. *Midway Mobile Home Mart, Inc. v. City of Fridley*, 271 Minn. 189, 193, 135 N.W.2d 199, 202 (1965).

*Moylan*, 384 N.W.2d at 863.

Just recently, we ruled on this precise issue. *See Putbrese v. Putbrese*, 386 N.W.2d 849 (Minn.Ct.App.1986), where this court remanded the case for inadequate findings in the division of marital property under Minn.Stat. § 518.58. The trial court had made only one finding concerning the division of property:

> The remaining undivided property of the parties should be divided as equally as possible as no factors are present to indicate otherwise.

*Id.* at 850.

A review of the findings here leads us to conclude that this case should also be remanded. The findings state only:

> That the parties are owners in joint tenancy of a homestead located at 11717 Crooked Lake Boulevard, Coon Rapids, Minnesota, legally described as follows, to-wit:
>
> > Lot Twenty-Two (22), Block Six (6), Thompson Heights Fifth Addition, Plat 47138, Parcel 2280, Anoka County, Minnesota.

### DECISION

The findings are clearly inadequate under *Moylan* and *Putbrese*. The trial court should have made findings reflecting its consideration of the statutory factors regarding the homestead, the insurance policies Richard Carlson cashed and the pension benefits he will receive.

Reversed and remanded.