In re the Marriage of Nancy Jean
**BERG, Petitioner, Respondent,**

v.

**Richard Dean BERG, Appellant.**

No. CX–86–259.

Court of Appeals of Minnesota.

Sept. 16, 1986.

Douglas G. Sauter, Cambridge, for respondent.

Gregory V. Smith, Monticello, for appellant.

Heard, considered, and decided by RANDALL, P.J., and HUSPENI and LANSING, JJ.

## OPINION

RANDALL, Judge.

Richard Berg appeals from the trial court's amended judgment and decree, entered January 13, 1986, increasing child support. We remand for findings consistent with *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986).

## FACTS

This is a modification of child support case. The parties were divorced March 13, 1981. Respondent, Nancy Berg, was awarded custody of the parties' three minor children. The two oldest children were respondent's children, and were adopted by appellant following the marriage. In the original decree, the court ordered appellant to pay child support of $145 per month per child until each child reached the age of 18

(initially $435 a month with the pro rata reduction per child). The oldest child, Denise, is now over the age of 18. Scott Berg, the middle child, is mentally retarded.

On October 15, 1985, respondent moved the court to increase child support to the guidelines level of approximately $516 per month; to order appellant to continue to pay support for the parties' oldest daughter, Denise, until Denise graduated from high school (she turned 18 prior to graduation); and to order child support to continue past age 18 for the parties' mentally retarded son, Scott. Respondent contends her expenses for raising the children had increased since entry of the judgment and decree.

Appellant is a state trooper. His income at the time of the decree, $1,246 per month net, has increased to a current level of $1,721 per month net. Appellant remarried in 1983. His spouse does not work outside the home. The court found that his income had increased 34.5% since entry of the original judgment and decree.

Respondent has not remarried. At the time of the divorce, she received $480 per month in Aid to Families with Dependent Children and was not employed. She currently works full time as an assembler at Dotronics, Inc., and nets $533 a month.

Following a hearing on November 25, 1985, the court found appellant had had a substantial increase in income which made the terms of the decree unreasonable and unfair. The court increased child support to the guidelines level of $516 per month (30% of net take home with two children), to be reduced to $430 per month when Scott becomes emancipated, and to continue at $430 per month until the youngest child, Steven, becomes emancipated. The court denied respondent's motion to continue child support for Denise until Denise graduates from high school. Respondent withdrew her motion for continued support for the parties' retarded son, Scott, past emancipation.

Richard Berg appeals the increase in child support, contending that his income has not increased substantially and that respondent's expenses have not increased substantially while her income has increased.

## ISSUE

Did the trial court properly modify child support to the guidelines level based on appellant's increased income?

## ANALYSIS

The trial court has broad discretion in the modification of child support. We will not reverse absent an abuse of discretion. *Johnson v. Johnson*, 304 Minn. 583, 232 N.W.2d 204 (1975).

The court's amended findings included figures on both parties' net incomes both at the time of the decree and at the time of the modification motion. The court found that support at the time of the decree represented seventeen percent of appellant's net income. The amended order increased child support to guideline levels (30%). The court found appellant's increased income made the original decree terms unreasonable and unfair.

While we find the amount ordered for child support to be within a trial court's discretion, we hold that the findings are inadequate and require remand under *Moylan v. Moylan*, 384 N.W.2d 859, 863–65 (Minn.1986). *Moylan* requires specific findings of the reasons for an increase in child support. These factors are found in Minn.Stat. §§ 518.17, subd. 4 (1984), 518.-551, subd. 5 (1984), and 518.64, subd. 2 (1984).

The increase of appellant's support obligation from $145 per child per month to $258 per child per month is a substantial increase in terms both of dollar amount and percentage. Appellant has experienced an increase in income that may justify some increase in his support obligation. Given the facts, while we do not outright reverse the result, we are compelled by *Moylan* to remand this matter for further factual inquiry:

Findings are necessary to support a judgment and to aid the appellate court by

providing a clear understanding of the basis and grounds for the decision. *Moylan,* 384 N.W.2d at 863 (citing *Midway Mobile Home Mart, Inc. v. City of Fridley,* 271 Minn. 189, 193, 135 N.W.2d 199, 202 (1965)).

## DECISION

The trial court erred by failing to make the complete and specific findings needed to justify an increase in child support as required by *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986).

Remanded.