In re the Marriage of Walter Elmer
ZIEMER, petitioner, Appellant,

v.

Grace S. ZIEMER, Respondent.

No. C4–86–1861.

Court of Appeals of Minnesota.

March 3, 1987.

Review Denied April 29, 1987.

Stephen D. Gabrielson, Fairmont, for appellant.

Elton A. Kuderer, Fairmont, for respondent.

Considered and decided by
WOZNIAK, P.J., and LESLIE and
RANDALL, JJ., with oral argument
waived.

## OPINION

LESLIE, Judge.

Appellant Walter Elmer Ziemer appeals
from a judgment claiming the trial court's
homestead division represents an abuse of
discretion.

We agree, reverse and remand.

### FACTS

The parties' marriage was dissolved on
August 19, 1985. In its dissolution order,
the trial court granted the entire home-
stead interest to respondent. Appellant
brought an appeal to this court, contending
the trial court's homestead division was an
abuse of discretion. We agreed with appel-
lant and remanded the case for further
consideration on the homestead division is-
sue.[1]

On remand, the trial court reconsidered
its original homestead division and awarded
appellant a 25% interest in the value of the
homestead, or $4,350. Appellant's share of
the homestead would be less than 8% of the
total marital property. Respondent was
granted possession of the homestead sub-
ject to a $4,350 lien due appellant within
five years.

Appellant appeals from the trial court's
second order, again contending the court's
homestead division represents an abuse of
discretion. Appellant seeks a 50% interest
in the homestead payable immediately.

### ISSUE

Was the trial court's division of the
homestead property an abuse of discretion?

### ANALYSIS

In *Ziemer v. Ziemer*, 386 N.W.2d 348,
351 (Minn.Ct.App.1986) we found the trial

---

1. For a complete factual narration, *see Ziemer v. Ziemer*, 386 N.W.2d 348, 349–50 (Minn.Ct.App. 1986).

court's original property division "impermissibly inequitable" and an abuse of the trial court's discretion. The inequity of the trial court's division was evidenced by the fact that although the homestead was marital property purchased with funds accumulated during the parties' marriage, appellant received none of the property. Furthermore, appellant had no real property of his own, had minimal personal property and was unemployable because of poor health attributable to alcoholism. *Id.* at 350. Although we originally remanded this case without ordering a precise division, we again find the trial court's division inequitable and an abuse of discretion.

Appellant's particular lack of assets and presumed contribution to the marital property makes his 25% interest in the homestead inequitable. In *Stassen v. Stassen,* 351 N.W.2d 20, 23–24 (Minn.Ct.App.1984) we upheld a 25% interest in the marital property because both parties received homes, income-producing apartments and their monthly Social Security benefits. Although the distribution of marital property in *Stassen* was unequal, we were able to find it equitable because of the additional assets available to both parties.

The additional assets present in *Stassen* are not present in the instant case. Appellant has no real property and has minimal personal property. His alcoholism has left him in poor health and unemployable. As we stated in the first appeal, it must be "conclusively presumed that [he] made a substantial contribution to the acquisition of income and property while [the parties] were living together as husband and wife." Minn.Stat. § 518.58 (1986); *Ziemer,* 386 N.W.2d at 351. The homestead was purchased with accumulated funds and is clearly marital property. The trial court's homestead division is at odds with the direction provided in the original *Ziemer* appeal.

Although an equitable property division does not necessarily require equal distribution, *Stassen,* 351 N.W.2d at 24, equity requires granting appellant more than a 25% interest in the homestead in this case.

If the homestead were equally distributed, appellant's share of the total marital property would still be less than 15%. Both parties must have expended substantial sums of money on this protracted litigation. Instead of remanding this case for another expensive hearing to decide this issue, we order an equal distribution of the homestead, payable immediately or with interest added if paid over time. The trial court should decide whether the award should be payable immediately or over time and should set an appropriate interest rate for any time payments.

### DECISION

The trial court's division of the homestead was an abuse of discretion. We reverse and remand to the trial court with instructions.

Reversed and remanded.