In re the Marriage of: Rebecca Marie THOMAS, Petitioner, Respondent,

v.

Charles Francis THOMAS, Jr., Appellant.

No. C7–85–1584.

Court of Appeals of Minnesota.

March 25, 1986.

Clinton R. McLagan, St. Paul, for respondent.

Kenneth P. Griswold, David Hart, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a dissolution judgment. Charles Thomas appeals the trial court's division of the parties' property. Appellant did not move for amended findings or a new trial.

## FACTS

Rebecca and Charles Thomas were married in 1978. Shortly thereafter they purchased a home. The mortgage was obtained through Charles's GI bill entitlement. They qualified for the mortgage, however, only when Rebecca's income was considered in the loan application.

The marriage was dissolved on May 30, 1985. The parties' major asset was the homestead. The court found the net equity in the homestead was $18,250. The homestead was awarded to respondent subject to encumbrances. Appellant received a $9,125 non-interest bearing lien against the

property to be satisfied upon the occurrence of one of several contingencies, but no later than June 1, 1990.

Respondent was awarded her pension, valued at $1,066. Appellant was awarded his retirement benefits, valued at $4,410. Neither party was awarded maintenance. Respondent was granted custody of their three year old child.

## ISSUES

1. Was the trial court's division of the parties' property an abuse of discretion?

2. Is appellant entitled to statutory interest on his lien?

## ANALYSIS

Appellant argues that the trial court's findings are inadequate to support the property division. He also argues that his GI bill entitlement is non-marital property and should not have been awarded to respondent without a finding of unfair hardship.

On appeal from a judgment where no motion for new trial has been made, the only questions for review are whether the evidence supports the findings and whether the findings support the conclusions of law. *Gruenhagen v. Larson*, 310 Minn. 454, 246 N.W.2d 565 (1976).

Even where the trial court's findings are insufficient, affirmance is proper if the record is clear, the facts are not seriously disputed, and there is a reasonable basis for the decision. *Kreidler v. Kreidler*, 348 N.W.2d 780, 784 (Minn.Ct.App.1984).

■ The trial court is to make a "just and equitable" distribution of the parties' marital property. Minn.Stat. § 518.58 (1984). Upon review, the trial court's division is to be given great deference. *Rohling v. Rohling*, 379 N.W.2d 519 (Minn. 1986). The trial court's division need not be equal to be just and equitable. *See Reck v. Reck*, 346 N.W.2d 675 (Minn.Ct. App.1984).

■ The Minnesota Supreme Court recently restated the rule for reviewing property distributions as follows:

This court, when called upon to review the exercise of trial court discretion in a case such as this, will and must affirm the decision made if it has an acceptable basis in fact and principle even though we might have made a different disposition of the problem.

*Rohling*, 379 N.W.2d at 522 (quoting *Bollenbach v. Bollenbach*, 285 Minn. 418, 426–27, 175 N.W.2d 148, 154 (1970)).

Appellant's main contention is that failure to award interest on his lien makes the property division unjust and an abuse of discretion. He argues that the trial court in effect awarded respondent an additional $4,600 because no interest accrues on his lien.

The property division must be viewed as a whole. The trial court equally divided the parties' equity in the homestead. Respondent, however, holds the homestead subject to a mortgage of approximately $56,000. Each received his or her own pension plan, even though appellant's was more valuable than respondent's.

It also appears the trial court awarded the homestead to respondent because it wanted to perpetuate a stable home environment for the minor child. If respondent was required to pay off the lien immediately, she might be forced to sell the house, thus defeating the purpose of the award.

■ We reject appellant's contention that the trial court improperly invaded his non-marital property by awarding his GI bill entitlement to respondent. The court did not award the entitlement to respondent. Rather, by awarding the homestead to respondent, the court simply delayed appellant's use of the benefit. This was well within the court's discretion. *See, e.g., Goar v. Goar*, 368 N.W.2d 348, 350–51 (Minn.Ct.App.1985). This property division, when viewed as a whole, has an acceptable basis in fact and principle. The division was not an abuse of discretion.

2. Appellant's argument that he is entitled to statutory interest on his lien is without merit. Minn.Stat. § 549.09 (1984) provides for the payment of interest on verdicts and judgments. The statute ensures that the party entitled to the judgment is reimbursed for any amounts lost due to late payment of the judgment.

This lien is not within the purview of § 549.09. Appellant is not entitled to receipt of the money until one of the contingencies occurs. Thus, he will not have lost the use of his money because of non-payment of a judgment.

### DECISION

The trial court's property division was not an abuse of discretion. Appellant is not entitled to statutory interest on his lien on the homestead.

Affirmed.