**In re the Marriage of Jerrimay Patricia MELINA, Petitioner, Respondent,**

v.

**Robert Norton MELINA, Appellant.**

No. C2–87–251.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Donna M. Gustafson, Minneapolis, for respondent.

Scott J. Strouts, Minneapolis, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Robert Melina appeals from the amended findings of fact entered following this dissolution action. We affirm.

## FACTS

The parties were married August 15, 1963. They have two adult children. This appeal follows the trial court's entry of amended findings following the October 14, 1986, decree. At issue on appeal are property division and spousal maintenance.

Appellant Robert Melina, 50 years old, is employed by AT & T as a wire puller. The trial court found his monthly net income to be $1942. At trial appellant testified that,

due to some changes at AT & T, his hours may decrease or his wages might drop from $15 to $9 per hour. After trial, with his post trial motions, appellant submitted a letter from AT & T stating his "pay will be cut to $360 per week." Appellant's living expenses were found by the trial court to be $1200 per month.

Respondent Jerrimay Melina is 44 years old. She has been employed, part time, by Norpol Manor since 1972, and earns $657 per month net. She received an inheritance during the marriage. The balance of this inheritance was $28,000 at the time of trial. Respondent has used this money to pay medical and living expenses.

The trial court ordered appellant to pay respondent $500 per month rehabilitative spousal maintenance to continue to October 1, 1990, to cease on death or remarriage. The amended decree provides that respondent may not move for an increase in maintenance or an extension of the duration of maintenance. Respondent plans to return to school and obtain a B.A. degree.

The parties' homestead is one half of a duplex. Appellant and his mother signed an earnest money contract to purchase the duplex a few months before the parties' marriage. Appellant's mother paid the $2000 down payment. Appellant and his mother each held an undivided one half interest in the duplex until May 1983. No mortgage payments were made before the parties' marriage. In May 1983, appellant's mother made a gift of her interest in the duplex to appellant and respondent as joint tenants. She continues to live in the duplex and pay rent. In 1983, after the title was transferred, appellant and respondent took out a second mortgage on the duplex and used the money to pay off their debts and buy a lake home in Isle, Minn. The court determined the entire duplex was marital property, and awarded it to respondent subject to a non-interest bearing lien in favor of appellant.

The Isle lake cabin was purchased on a contract for deed for $53,000. The balance due is approximately $41,000. The parties sold a lot on Lake Mille Lacs on a contract for deed for $14,000; the balance due is

payable at $500 per month for about twelve years.

In its amended judgment, the trial court equally divided the marital property, awarding each party $48,528.50 in assets. The court's division of assets, listed in the amended decree, is as follows:

| Respondent | | Appellant | |
|---|---|---|---|
| Homestead [1] | $39,128.50 | Lien | $19,728.50 |
| Household goods personal property, motor vehicles | 2,100.00 | Cabin | 12,000.00 |
| | | Boat, motor | 1,000.00 |
| Vendor's interest contract for deed | 7,300.00 | AT&T pension | 13,300.00 |
| | | AT&T stock | 2,500.00 |
| | $48,528.50 | | $48,528.50 |

## ISSUES

1. Did the trial court err by characterizing the entire homestead duplex as marital property?

2. Did the trial court err in its valuation and division of marital property?

3. Did the trial court err by awarding respondent rehabilitative maintenance?

## ANALYSIS

### I.

*Homestead*

Appellant argues that the trial court erred by characterizing the entire duplex as marital property. The court found the value of the duplex to be $82,500. The duplex is encumbered by two mortgages totalling $23,642.83. Net equity in the duplex is $58,857.17. Appellant concedes that during the marriage his mother gave the property to him and respondent as joint tenants. However, he claims his mother's one half interest would have been his if the gift had not been made, and that the gift should not change the fact that he is entitled to 75% of the parties' interest in the duplex.[2] Appellant claims that the portion of the duplex given by his mother to the couple is his nonmarital property.

Minn.Stat. § 518.54, subd. 5 (1986) defines "marital property" as,

property, real or personal, including vested pension benefits or rights, acquired by the parties, or either of them, to a dissolution * * * at any time during the existence of the marriage relation between them * * *. All property acquired by either spouse subsequent to the marriage and before a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in a form of coownership * * *.

"Nonmarital property" is property real or personal, acquired by either party during the marriage which:

is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse.

Minn.Stat. § 518.54, subd. 5(a) (1986). The presumption of marital property is overcome by a showing that the property is nonmarital.

■ Appellant concedes his mother made the gift of her interest in the duplex to both appellant and respondent. Under the statute, the undivided one half interest, given to the parties as joint tenants, is presumptively marital property. *See* Minn. Stat. § 518.54. In order to establish that the gift was nonmarital, appellant had to prove his mother made the gift to him alone and not to him and respondent. We affirm the trial court's finding that appel-

---

1. We note appellant's comment on the discrepancy between the amount of his lien in the amended findings ($17,650) and on the court's balance sheet ($19,728.50). Since it is clear the court intended an equal division of the marital assets, appellant's lien is $19,728.50 as reflected on the balance sheet. The discrepancy is, apparently, due to a clerical error.

2. Appellant claims his share is 75% of the duplex consisting of one-half, that part given to the parties by his mother, and one-half of the remaining one-half.

lant did not meet his burden of proof. *Cronin v. Cronin*, 372 N.W.2d 778, 781 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 11, 1985). *But see Moon v. Moon*, 378 N.W.2d 49 (Minn.Ct.App.1985) (Gift of forgiveness of a $7000 loan given by the husband's parents toward purchase of the marital homestead was to husband alone, where evidence included husband's affidavit that forgiveness was a gift to him alone, a showing that his parents gave his brother $7000 at the same time, and father's affidavit that forgiveness was a gift to the husband alone).

Appellant asserts that his mother made the gift to him and respondent simply for convenience, as "an accommodation to his mother who desired to break the joint tenancy with appellant in order to convey her undivided one half interest to the parties." He also argues he had no intent to convey this undivided one half interest to respondent. In the issue of the gift from his mother to the parties, his intention not to convey, however, is not controlling. Appellant's mother did not testify at trial.

Respondent argues that appellant's mother evidenced her intent to give the property to both appellant and respondent by conveying the property to appellant and respondent as joint tenants. Appellant has cited to no testimony or evidence contradicting the court's finding that the duplex was given to both appellant and respondent. We affirm the trial court's holding that the one half interest gifted by appellant's mother to the parties as joint tenants is marital.[3] We note that the "form" of ownership is not necessarily dispositive of whether the property is marital or nonmarital in nature. *Montgomery v. Montgomery*, 358 N.W.2d 169, 172 (Minn.Ct.App. 1984). However, the existing record supports the trial court's conclusion that the gift of one half interest was marital, and that the granting instrument gave both parties a similar claim in it.

The undivided one half interest in the duplex purchased by appellant is also marital in nature. The only money paid on the duplex prior to the marriage was the down payment made by appellant's mother. Appellant made no payments on the mortgage prior to the marriage. All mortgage payments made on appellant's interest in the duplex were made after the marriage from marital funds. Appellant has not overcome the presumption that the duplex is marital property. Minn.Stat. § 518.54.

We hold the trial court did not err by finding the entire duplex was marital property.

## II.

*Valuation and Division of Marital Property*

The trial court has broad discretion when dividing the marital property. *Kreidler v. Kreidler*, 348 N.W.2d 780, 782 (Minn.Ct.App.1984). The court must make a just and equitable property division. Minn.Stat. § 518.58 (1986). We must affirm the property division if it has an acceptable basis in fact and in principle. *Bollenbach v. Bollenbach*, 285 Minn. 418, 426–27, 175 N.W.2d 148, 154 (1970).

Appellant argues the trial court erred in its valuation and division of the parties' vendors' interest in the homestead, the Mille Lacs property, their vendees' interest in the Isle lake cabin, and in appellant's stock. Because no expert appraisal or testimony was introduced on any valuations, the court relied on the parties' testimony as to valuation.

The trial court attached a balance sheet to the amended decree, showing an equal division of the marital assets. The only liquid asset, the vendors' interest in the Mille Lacs property, was awarded to respondent. Appellant received his homestead lien, the Isle cabin, the boat and motor, his AT & T pension and his AT & T

---

**3.** The trial court, here, left the door open to a claim of interest by appellant's mother by finding:

The homestead is marital property, subject to any claims of the Respondent's mother, Bernice G. Streetman, who contributed to the purchase of said property and who Quit Claimed said premises to the Respondent and Petitioner as joint tenants, on May 25, 1983.

stock. Respondent received the homestead equity subject to appellant's lien, household goods and vehicles, and the vendors' interest in the Mille Lacs property. The total value of the marital estate is slightly under $100,000. We find the trial court's decision proper and within its discretion.

### Homestead

■ Appellant claims the court erred by awarding him a lien for one third of the value of the duplex. However, the lien was part of a total property settlement in which each party received exactly fifty percent of the marital assets. Appellant also claims the court erred by awarding him a non-interest bearing lien. Refusal of a court to award interest on a lien is not, by itself, necessarily erroneous. *See Thomas v. Thomas*, 383 N.W.2d 727 (Minn.Ct.App. 1986).

■ Appellant argues the court's failure to award him interest on his lien is improper because no minor children live with respondent. The presence of minor children is a factor in the determination of whether the homestead should be sold and in the award of occupancy. However, since we approve the trial court's awarding of the homestead to a party without children, we hold it was not error to fail to award appellant interest on his lien. Property settlements are comprised of many different factors such as value, the nature of the asset as income or non-income producing, occupancy, and interest bearing or non-interest bearing liens. In viewing the court's property settlement as a whole, we find it equitable, and hold the court acted within its discretion.

### Contract for Deed

■ Appellant argues the trial court erred by valuing the parties' vendor interest in the Mille Lacs property at $7300. Appellant testified at trial that the vendees owed $7300 on the contract. That testimony is sufficient to support the court's finding of value at that figure.

### Isle Lake Property

Appellant argues the trial court erred by fixing the value of equity in this property at $12,000. Neither party offered appraisal testimony at trial. Appellant orally testified the property was purchased in 1983 for $53,000. The parties currently owe $41,000 on the contract for deed. Appellant obtained a price quote from the former owner, who agreed to buy the property back for $3000.

■ Appellant claims, "The only reasonable value that can be placed on this property, absent expert testimony, is that of the most recent offer to purchase the property for $3000." Although the record is thin, it was not an abuse of discretion for the court to subtract the contract for deed balance from the fairly recent purchase price, and use that amount as the basis for value. Neither party offered evidence that property values had either drastically declined since 1983 or that the parties had drastically overpaid for the Isle Lake property. We find the trial court's value figure of $12,000 has support in the record and was within its discretion.

### AT & T Stock

Appellant testified at trial the AT & T stock was worth $2000–$3000. He offered no other testimony on per share value. In his post trial motion he presented documentary evidence that, in November 1986, the stock was worth less than that amount. This evidence was not subject to cross-examination. Respondent correctly notes this evidence should have been presented at trial.

The post trial evidence seems to show the stock was worth about $1000 less than the trial court's valuation. Without deciding whether or not the post trial evidence should have been considered, even giving appellant the benefit of the doubt on this issue, we cannot say the property division taken as a whole was inequitable. *See Filkins v. Filkins*, 347 N.W.2d 526, 528 (Minn.Ct.App.1984).

### III.

*Maintenance*

██ Appellant argues the rehabilitative maintenance award of $500 per month for four years is an abuse of discretion because he cannot afford it and because respondent has income from the inheritance, on which she can live. Appellant also disputes the trial court's conclusion that respondent's monthly expenses total $1300 and argues they total only $1047. He claims her monthly spending increased when she obtained the inheritance, exaggerating her monthly expenses.

Appellant argues respondent should live off of her inheritance, and that he should not have to pay her rehabilitative maintenance. The court found appellant's monthly expenses were $1200, and his net income approximately $1900. Respondent's monthly income from employment is $657. The court made no finding that she had a monthly income from her inheritance, although it made findings on total value of the inheritance. Respondent receives $150 per month from the vendor's interest in the contract for deed.

The court found rehabilitative maintenance appropriate to help respondent become self supporting. It found she was a homemaker throughout the marriage, and lacked income and property to support herself in the standard of living established during the marriage. We do not find the court's findings or maintenance award to be an abuse of discretion. *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

Appellant argues that his income may drop. Respondent correctly notes that the appropriate remedy, should this occur, is a motion for modification.

### DECISION

The trial court's decision is affirmed.

Affirmed.